**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 09a0551n.06

No. 05-6877

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
**Aug 11, 2009**
LEONARD GREEN, Clerk

| | | |
|---|---|---|
| UNITED STATES, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| v. | ) | COURT FOR THE WESTERN |
| | ) | DISTRICT OF TENNESSEE |
| WILLIE E. JOHNSON, | ) | |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |

BEFORE: BOGGS, Chief Judge, and ROGERS and WHITE, Circuit Judges.

**WHITE, Circuit Judge**. Defendant Willie E. Johnson (Johnson) pleaded guilty of possession of cocaine base with intent to distribute (Count 1), 21 U.S.C. § 841(a)(1), and possession of a firearm in furtherance of the drug-trafficking crime alleged in count 1 (Count 2), 18 U.S.C. § 924(c). The district court sentenced Johnson to 15 years' imprisonment on the cocaine-base count and 5 years' imprisonment on the firearm count. On appeal, Johnson challenges the procedural reasonableness of his sentence and argues that the district court erred reversibly by denying him allocution. The Government concedes that the district court erred by denying Johnson his right of allocution. We vacate defendant's sentences and remand for resentencing consistent with this opinion.

# I

As part of a plea agreement, Johnson agreed to cooperate fully with the United States Attorney's office, the Violent Crimes Task Force, the Bureau of Alcohol, Tobacco and Firearms, and other federal, state and local law enforcement agencies; the Government agreed to consider whether the cooperation warranted its filing a motion to reduce sentence pursuant to U.S.S.G. § 5K.1.1 for substantial assistance. After sentencing, the court dismissed Counts 3 and 4 (possession of a firearm during and in relation to the drug trafficking crime alleged in Count 1, 18 U.S.C. § 924(c), and felon in possession of a firearm, 18 U.S.C. § 922(g), respectively) pursuant to the Government's motion.

The presentence report (PSR) calculated Johnson's base offense level as 32. Johnson's classification as a career offender under U.S.S.G. § 4B1.1(a) resulted in an offense level of 37 and a criminal history category of VI. Following subtraction of three points for acceptance of responsibility, Johnson was left with a total offense level of 34, and a criminal history category of VI. Under the 2003 edition of the Guidelines Manual, Johnson's sentencing range for Count 1 was 262-327 months, with a statutory minimum sentence of 120 months. As to count 2, the PSR noted that Johnson's Guidelines range was the mandatory minimum of 60 months' imprisonment under 18 U.S.C. § 924(c), to run consecutively to any term of imprisonment imposed for Count 1. The PSR calculated Johnson's total sentencing range to be 322-387 months.

The Government moved for a downward departure under § 5K.1.1, for Johnson's substantial assistance. At sentencing, the Government recommended that Johnson's offense level under Count 1 be reduced from 34 to 30 or 29. The district court accepted the Government's recommendation

for a downward departure, and stated that it would use as its starting point the minimum sentence for an offense level of 29 and a criminal history category VI, i.e., 151 months.

The court sentenced Johnson on November 17, 2004 (pre-*United States v. Booker*[1]), to 15 years' (180 months) imprisonment for possession of cocaine base with intent to distribute, and 5 years' (60 months) imprisonment for possession of a firearm in furtherance of a drug trafficking crime, to be served consecutively. Defendant contends (and the Government agrees) that at the initial sentencing the district court incorrectly assumed that the combined Guidelines range of 322-387 months applied only to Count 1 (cocaine base) and did not include the 60-month sentence for Count 2.

Johnson appealed his sentence. In the interim, on the Government's motion to remand, this court vacated Johnson's sentence and remanded for resentencing under *Booker*.

On resentencing, after much discussion regarding whether the court had mistakenly added 60 months to the sentence twice, the district court imposed the same sentence – fifteen years for possession of cocaine base with intent to distribute, and five years for possession of a firearm in furtherance of a drug-trafficking crime, to be served consecutively. This appeal ensued.

**I**

Allegations of a complete denial of the right of allocution are reviewed de novo. *United States v. Wolfe*, 71 F.3d 611, 614 (6th Cir. 1995); *United States v. Carter*, 355 F.3d 920, 926 n.3 (6th Cir. 2004) (acknowledging *Wolfe*'s de novo standard, but noting that that standard is reserved for allegations of complete denial of allocution, i.e., review is for plain error "where the allegation is not

---

[1]543 U.S. 220 (2005).

that there was a complete denial [of allocution] but only an inappropriate limitation"). The Federal Rules of Criminal Procedure require that before imposing sentence, the court must "address the defendant personally in order to permit the defendant to speak or present any information to mitigate the sentence." Fed. R. Crim. P. 32(i)(4)(A)(ii). "Denial of allocution is reversible error." *Carter*, 355 F.3d at 926 (*citing United States v. Riascos-Suarez*, 73 F.3d 616, 627 (6th Cir. 1996)); *see also United States v. Pelaez*, 930 F.2d 520, 522-24 (6th Cir. 1991).

The record shows that Johnson was denied his right of allocution at the December 5, 2005 resentencing hearing. Although the court and Johnson interacted several times, these exchanges concerned the initial calculation of Johnson's applicable Guidelines range and the court's reasons for choosing a 240-month term of imprisonment. The resentencing hearing transcript shows that, immediately prior to imposing sentence, the court and counsel had a lengthy side-bar discussion (transcribed), after which the court did not invite Johnson to speak personally on his own behalf. The Government concedes that this was reversible error and that Johnson's sentence must be vacated, and the case remanded for resentencing.

**II**

Defendant also asserts that the district court erred by mis-calculating an appropriate sentence range under the Guidelines, and by failing to articulate the basis for the sentence it imposed at resentencing. .

Both sentencing transcripts are long and difficult to follow. It appears that by the end of the resentencing proceedings, the court recognized its earlier error and understood that the Guidelines range for Count 1, without adding the 60 months for Count 2, was 151 - 188 months. *See United*

*States v. Franklin*, 499 F.3d 578, 584 (6th Cir. 2008) (noting that the Guidelines instruct that a sentence for a count with a mandatory consecutive sentence is to be imposed independently of other counts). However, it does seem that the court struggled to articulate a rationale to support the original sentence. In any event, because this case must be remanded for resentencing, these additional arguments need not be addressed except to state that on remand the court should begin the sentencing procedure anew, and clearly articulate both the Guidelines range under which it is operating, and the reasons for choosing a particular sentence. Any arguments Johnson chooses to put forth based on *United States v. Gully*, 619 F. Supp. 2d 633 (N.D. Iowa 2009), *Kimbrough v. United States*, 552 U.S. 85 (2007), or *Spears v. United States*, 129 S. Ct. 840 (2009), can be presented on remand.[2]

We VACATE defendant's sentences and REMAND for resentencing consistent with this opinion.

---

[2]Johnson filed a Rule 28(j) additional citation motion in propria persona during the pendency of this appeal, citing *Gully*, *Kimbrough*, and *Spears*, *supra.* The Supreme Court in *Spears* vacated a decision of the Eighth Circuit that held that the district court had no authority to substitute on policy grounds a different ratio for the then-applicable 100:1 crack-to-powder sentencing ratio. 129 S. Ct. at 842. Clarifying *Kimbrough*, the *Spears* Court noted that sentencing judges possess authority to reject categorically the sentencing range prescribed by the Guidelines, even in "a mine-run case where there are no 'particular circumstances' that would otherwise justify a variance from the Guidelines' sentencing range." *Id*. at 844 (quoting *Kimbrough*, 128 S. Ct. at 576). *Spears* recognized that district courts possess the "authority to vary from the crack cocaine Guidelines based on a *policy* disagreement with them, and not simply based on an individualized determination that they yield an excessive sentence in a particular case." 129 S. Ct. at 843.