NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 10a0512n.06

No. 09-1763

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
**Aug 13, 2010**
LEONARD GREEN, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | |
| | ) | On Appeal from the United States |
| DEVARON HOLLAND, | ) | District Court for the Eastern |
| | ) | District of Michigan |
| Defendant-Appellant. | ) | |
| | ) | |
| | ) | |

Before: BOGGS, SILER, and MOORE, Circuit Judges.

**BOGGS, Circuit Judge.** Defendant Devaron Holland appeals the district court's denial of a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2). We affirm.

## I. BACKGROUND

In 2002, Holland pleaded guilty to one count of conspiracy to distribute crack cocaine, resulting in his eighteenth criminal conviction. Although Holland was caught by Detroit police officers with over 400 grams of crack cocaine in his residence, his plea agreement held him accountable for only 142.1 grams. Holland was sentenced to 157 months of imprisonment, which was toward the lower end of the United States Sentencing Guidelines range of 151-188 months.

Thereafter, in November 2007, the United States Sentencing Commission amended the Guidelines to reduce the sentencing disparity between crack-cocaine and powder-cocaine offenses. *See* U.S.S.G. Supp. App. C, Amdt. 706 (effective Nov. 1, 2007). In early 2008, the Sentencing Commission declared this amendment to be retroactive. See U.S.S.G. Supp. App. C, Amdt. 713

(effective Mar. 3, 2008). Relying on these amendments, in April 2009, Holland filed a motion for reduced sentence pursuant to § 3582(c)(2). Anticipating the government's objections, he argued that "he ha[d] already been held accountable for his past [criminal] record" when his initial Guidelines calculation was performed, and that the length of his record overrepresented his dangerousness "because [his] criminal record [did] not consist of any violent crimes."

In response, the government conceded Holland's eligibility for a sentence reduction but argued against any reduction because "the usual § 3553(a) factors . . . militate against a sentence reduction." In particular, the government pointed to Holland's extensive criminal history; "his unwillingness to reform his conduct despite repeated convictions and periods of incarceration"; the "danger [he] posed to the community"; and the fact that his sentence "gross[ly] understate[d]" the seriousness of his offense, as it reflected only a fraction of the total drug quantity with which Holland was associated.

The record before the district court included a "[U.S.S.G.] § 1B1.10 Report" prepared by the government in connection with the § 3582(c)(2) proceeding, as well as Holland's pre-sentence report. The § 1B1.10 Report noted that Holland had been involved in six disciplinary incidents while incarcerated (including "Assaulting Without Serious Injury" and two instances of "Fighting With Another Person"), and that his "institutional adjustment [was] rated as average." The pre-sentence report indicated that Holland had a "positive childhood with a stable upbringing"; that none of his immediate family members had any criminal history, mental health, or substance abuse issues; and that he was generally in good physical and mental health.

No. 09-1763
*United States v. Holland*

The district court denied Holland's motion via summary order without a hearing. In the order, the court correctly determined Holland's amended Guideline range, then stated that Holland's motion was denied "for the reasons set forth in the government's brief." Holland timely appealed.

## II. STANDARD OF REVIEW

A district court "has the discretion to deny a section 3582(c)(2) motion, even if [a] retroactive amendment has lowered the guideline range." *United States v. Ursery*, 109 F.3d 1129, 1137 (6th Cir. 1997). Accordingly, a district court's decision to do so is reviewed only for abuse of discretion. *United States v. Curry*, 606 F.3d 323, 327 (6th Cir. 2010). A district court abuses its discretion when it "relies on clearly erroneous findings of fact, improperly applies the law, or uses an erroneous legal standard." *United States v. Munoz*, 605 F.3d 359, 366 (6th Cir. 2010) (quoting *United States v. Washington*, 584 F.3d 693, 695 (6th Cir. 2009)).

## III. DISCUSSION

The bulk of Holland's brief on appeal is devoted to his argument that the Guidelines "are advisory rather than mandatory in resentencings conducted under 18 U.S.C. § 3582(c)(2), as they are in initial sentencing proceedings." Appellant's Br. at 3. However, as Holland later conceded in his motion waiving oral argument, this proposition is now squarely foreclosed by the Supreme Court's recent decision in *Dillon v. United States*, 130 S. Ct. 2683 (2010), which held that the judicial alterations to the Sentencing Reform Act that were enunciated in *United States v. Booker*, 543 U.S. 220 (2005), do not apply in § 3582(c)(2) proceedings.[1]

---

[1] Moreover, this argument appears irrelevant to Holland's appeal in the first place. The district court was clearly not under the impression that the Guidelines *mandated* the denial of a

- 3 -

Holland also argues that the district court made an error of law because it "complete[ly] fail[ed to] . . . consider[] the mandatory § 3553[(a)] factors" in reaching its decision. Appellant's Br. at 17. As Holland notes, § 3582(c)(2) states that where a retroactive Guidelines amendment has occurred, "the court may reduce [a defendant's] term of imprisonment, after considering the factors set forth in section 3553(a) *to the extent that they are applicable*, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." (emphasis added).

Holland is simply mistaken when he argues that the district court "complete[ly] fail[ed]" to consider the § 3553(a) factors "to the extent that they are applicable." The district court's order incorporated by reference "the reasons stated in the government's brief," which included Holland's criminal history, *see* 18 U.S.C. § 3553(a)(1); his dangerousness to the public, *see id.* § 3553(a)(2)(C); and the seriousness of his offense, *see id.* § 3553(a)(2)(A). The record does not suggest that any other "applicable" § 3553(a) factors weighed in Holland's favor.

To the extent Holland argues that the district court committed legal error by incorporating the government's brief by reference, rather than explicitly analyzing each of the § 3553(a) factors on the record, his argument must be rejected. A proceeding pursuant to § 3582(c)(2) is "not a plenary resentencing proceeding," *Dillon*, 130 S. Ct. at 2691, and such proceedings therefore do not require the same degree of procedural formality as plenary sentencings. *See Curry*, 606 F.3d at 330-31. In fact, in *Curry*, we recently rejected a similar (if not identical) argument, reasoning as follows:

---

sentence reduction, as indicated by the amended Guidelines calculation in its summary order. We fail to see what the district court's conclusion had to do with whether the Guidelines were binding or advisory.

> [T]he district court did not conduct a hearing on Curry's motion, and did not expressly consider all the § 3553 factors that might have been relevant. Curry argues that the district court abused its discretion in denying the motion without either specifically articulating the reasons for doing so or identifying factors in Curry's particular record that justified the denial. The only case Curry cites in support of his argument . . . is [an Eleventh Circuit case which] does not advance Curry's cause, as it simply held that while a district court "'must *consider* the factors listed in § 3553(a)' when determining whether to reduce a defendant's original sentence . . . [,] the district court is not required to articulate the applicability of each factor, 'as long as the record as a whole demonstrates that the pertinent factors were taken into account by the district court.' "
>
> In [another appeal of a § 3582(c)(2) denial], the Eleventh Circuit found . . . that the district court's order, though short, was "based on the record as a whole" and "enunciated sufficient reasons for its order denying resentencing." There, although the district court had not specifically weighed the § 3553(a) factors, the Eleventh Circuit held that the lower court had not abused its discretion and had provided sufficient reasons for its decision to deny resentencing, "[e]specially considering that *the district court's final order specifically referenced the Government's Opposition*, which in turn cited specific elements that were relevant to the necessary section 3553(a) inquiry and that were supported by the record . . . ."
>
> The same principles apply here.

*Ibid.* (internal citations omitted) (second emphasis added). Those same principles which we endorsed in *Curry* apply here also.

Lastly, we lack jurisdiction to consider Holland's argument that his unreduced sentence is "greater than necessary . . . to comply with the purposes . . . of section 3553(a)[]." Appellant's Br. at 16; *see United States v. Bowers*, No. 08-5595, --- F.3d ---, slip op. at 17-18 (6th Cir. Aug. 12, 2010) (holding that we lack jurisdiction to hear arguments that a district court's § 3582(c)(2) determination was substantively unreasonable under *Booker* and its progeny).

## CONCLUSION

The district court's denial of Holland's motion for reduced sentence is **AFFIRMED**.

**KAREN NELSON MOORE, Circuit Judge, dissenting.**  Unlike the majority, I conclude that the district court's terse explanation for denying Holland's motion for a sentence reduction under 18 U.S.C. § 3582(c)(2) does not evidence sufficient consideration of the relevant factors set forth in 18 U.S.C. § 3553(a).  Therefore, I respectfully dissent.

In a § 3582(c)(2) proceeding, the district court is required to "consider[] the factors set forth in [§] 3553(a) to the extent that they are applicable."  18 U.S.C. § 3582(c)(2).  Furthermore, "the [district] court must satisfy the appellate court that [it] has considered the parties' arguments and has a reasoned basis for exercising [its] own legal decision-making authority."  *United States v. Archer*, 362 F. App'x 491, 496 (6th Cir. 2010) (unpublished decision) (internal quotation marks and brackets omitted); *see also United States v. Marion*, 590 F.3d 475, 477 (7th Cir. 2009) (explaining that, in a § 3582(c)(2) proceeding, a district court must provide "[s]ome statement of [its] reasoning" so that the appellate court is "able to meaningfully review [the district court's] decision").  Here, the district court's summary adoption of the Government's response is simply insufficient.  Although the Government's memorandum did address, in one paragraph, some of the § 3553(a) factors, there is no indication as to whether the district court conducted its own independent review of these factors or merely relied upon the arguments presented in a terse, summary filing that was by its very nature one-sided.

*United States v. Curry*, 606 F.3d 323 (6th Cir. 2010), is not to the contrary.  In *Curry*, the panel relied, in part, upon the fact that there had already been two prior sentencing hearings during which the district court had analyzed the relevant § 3553(a) factors, one of which occurred after *United States v. Booker*, 543 U.S. 220 (2005).  *Curry*, 606 F.3d at 331.  Here, by contrast, Holland's

only prior sentencing hearing occurred well before *Booker*, and as a result, the district court had not previously weighed any of the § 3553(a) factors, resulting in a record that was less developed than it was in *Curry*. Furthermore, in *Curry*, the district judge who denied the § 3582(c)(2) motion expressly acknowledged having reviewed the record and having considered the § 3553(a) factors, something the district judge here never did. To the degree that *Curry* suggests that, absent a prior post-*Booker* sentencing hearing, a district court's mere incorporation of a Government's sentencing memorandum satisfies the court's obligation to consider the § 3553(a) factors, this is mere dicta.

I respectfully dissent.