*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206

File Name: 11a0142p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

_____

UNITED STATES OF AMERICA,
                              *Plaintiff-Appellee,*

          *v.*                                                 No. 09-2468

JASON RICHARD HOWARD,
                              *Defendant-Appellant.*

_____

Appeal from the United States District Court
for the Eastern District of Michigan at Detroit.
No. 03-80899-001—Robert H. Cleland, District Judge.

Decided and Filed:  May 24, 2011

Before:  MERRITT, CLAY, and GRIFFIN, Circuit Judges.

_____

**COUNSEL**

**ON BRIEF:**  Patricia A. Streeter, Ann Arbor, Michigan, for Appellant.  Patricia Gaedeke, ASSISTANT UNITED STATES ATTORNEY, Detroit, Michigan, for Appellee.

_____

**OPINION**

_____

        GRIFFIN, Circuit Judge.  Defendant Jason Howard appeals the district court's post-judgment order reducing his sentence pursuant to 18 U.S.C. § 3582(c)(2) after he pleaded guilty to possessing crack cocaine in violation of 21 U.S.C. § 844.  We order a limited remand for the sole purpose of providing a statement of reasons for the district court's decision.

1

I.

This is an appeal from an order granting defendant's motion to reduce his crack cocaine sentence pursuant to 18 U.S.C. § 3582(c)(2).  Jason Howard pleaded guilty in 2004 to possession of crack cocaine.  His original Guideline range, based on possession of 7.5 grams of cocaine base, was 60-71 months, with the bottom of the range restricted by the mandatory minimum sentence applicable for 5 grams or more of crack cocaine. Howard failed to appear for sentencing and avoided arrest for over seven months.  As a result, his Guideline offense level was increased by two levels for obstruction of justice and his three-point reduction for acceptance of responsibility was denied.  His final Guideline range was therefore 97-121 months.  The district court imposed a sentence of 97 months.

Howard appealed the sentence, but this court affirmed.  Howard also filed a pro se motion asking the district court to appoint counsel "for the 2 point crack reduction." The district court appointed counsel, and the parties stipulated that Howard met the criteria for a sentence reduction under the retroactive amendments to the sentencing Guidelines for crack cocaine; that the court had the discretion to reduce Howard's sentence under 18 U.S.C. § 3582(c)(2) and U.S.S.G. § 1B1.10; and that Howard's new sentencing Guideline range was 78-97 months.  The stipulation also concluded with the statement that:  "[a]ccordingly, [the district court] has the discretion to reduce Howard's sentence to any point within the new range of 78-97 months."

A probation officer thereafter submitted a supplemental report pursuant to § 1B1.10 agreeing with the parties' recalculation of Howard's Guideline range as modified by the retroactive reduction in the crack cocaine base offense level.  The report also described Howard's adjustment to incarceration as "fair," indicating that he had received "average" work evaluations and had been given three "incident reports," two for refusing to obey an order and one for fighting.  Howard's attorney also filed a sentencing memorandum pointing out that, although Howard had these three prison misconduct citations during his incarceration, he had not been disciplined in the past two

years.  The memorandum further detailed the classes that Howard had taken while he was incarcerated and described his pre-release planning.

Howard asked the district court to reduce his sentence to the lowest point in the new Guideline range, i.e., 78 months.  He did not ask for a hearing on the matter, or contend that the court should treat crack on a one-to-one basis with powder cocaine, or request that the court reduce his sentence below the stipulated Guideline range.  The district court delayed ruling on the motion, noting that it had other cases with earlier deadlines, and that, by delaying, it could also consider Howard's future conduct.  Howard did not object to the delay.  Eventually, a probation officer submitted an updated report showing that Howard did not have any further infractions from the Bureau of Prisons. The district court subsequently issued an order granting Howard's motion and reducing his sentence to 88 months.

Howard timely appeals.

## II.

A district court may modify a defendant's sentence only as authorized by statute.  *United States v. Johnson*, 564 F.3d 419, 421 (6th Cir. 2009).  Under § 3582(c)(2), a district court may modify a term of imprisonment:

> in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o) . . . after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2).  There are two parts to the district court's inquiry.  *United States v. Watkins*, 625 F.3d 277, 280 (6th Cir. 2010) (citing *Dillon v. United States*, — U.S. —, 130 S. Ct. 2683, 2691 (2010)).  First, the court must determine whether the defendant is eligible for a sentence reduction.  *Id.*  Second, the court must consider the § 3553(a) factors and determine whether, in its discretion, the authorized reduction is warranted under the circumstances.  *Id.* (citing *Dillon*, 130 S. Ct. at 2692).

We have jurisdiction under 18 U.S.C. § 3742 to review the outcome of a sentence-reduction proceeding only where the claim is that the resulting sentence "(1) was imposed in violation of law; (2) was imposed as a result of an incorrect application of the sentencing guidelines; (3) is greater than the sentence specified in the applicable guideline range; or (4) was imposed for an offense for which there is no guideline and is plainly unreasonable." *United States v. Bowers*, 615 F.3d 715, 723 (6th Cir. 2010) (citation omitted). A district court's determination as to whether a sentence reduction is warranted is reviewed for an abuse of discretion. *United States v. Washington*, 584 F.3d 693, 695 (6th Cir. 2009). A district court abuses its discretion when it "relies on clearly erroneous findings of fact, improperly applies the law, or uses an erroneous legal standard." *United States v. Munoz*, 605 F.3d 359, 366 (6th Cir. 2010) (citation and internal quotation marks omitted).

## III.

Howard argues that the district court abused its discretion by resentencing him under 18 U.S.C. § 3582(c) "without a hearing" and by "issuing a form order without any explanation for its ruling." He also claims that the district court abused its discretion by resentencing him "without applying or considering the application of a one-to-one ratio for crack to powder cocaine" in contravention of *United States v. Booker*, 543 U.S. 220 (2005). We address these arguments in turn.

## A.

Howard first contends that the district court abused its discretion and imposed a sentence in violation of law by reducing his sentence under 18 U.S.C. § 3582(c) without a hearing. The argument is that "[b]y sentencing [him] differently from the first sentence and not providing him the full benefit of the two-point reduction, i.e., an amended sentence at the lowest end of the guidelines range, [Howard] was entitled to a hearing and the right to allocution." Howard, however, points to no authority for this proposition. He merely recites the general rule that a sentencing court must "address the defendant personally in order to permit the defendant to speak or present any information to mitigate the sentence," Fed. R. Crim. P. 32(i)(4)(A)(ii), and he directs us to several

of our cases acknowledging that in an original sentencing proceeding "[d]enial of allocution is reversible error." *See United States v. Carter*, 355 F.3d 920, 926 (6th Cir. 2004); *United States v. Riascos-Suarez*, 73 F.3d 616, 627 (6th Cir. 1996), *abrogated on other grounds by Muscarello v. United States*, 524 U.S. 125, 138 (1998); *United States v. Pelaez*, 930 F.2d 520, 522-24 (6th Cir. 1991); *United States v. Johnson*, 340 F. App'x 309, 310-11 (6th Cir. 2009). We find this unpersuasive.

Sentence reductions under 18 U.S.C. § 3582(c) are not full sentencing proceedings. Most notably, Fed. R. Crim. P. 43(b)(4), unlike Fed. R. Crim. P. 32(i)(4)(A)(ii), does not provide a right of allocution; on the contrary, it states that "[a] defendant need not be present . . . [where] [t]he proceeding involves the . . . reduction of sentence under . . . 18 U.S.C. § 3582(c)." Because Howard had no right to be present at a hearing, and because Howard did not even request a hearing, we conclude that the district court did not abuse its discretion in failing to hold a hearing. *Cf. United States v. Dewitt*, 385 F. App'x 479, 481 (6th Cir. 2010) (rejecting identical argument because "DeWitt's motion for reduction of sentence did not request a hearing, nothing in § 3582(c)(2) . . . requires a hearing, and Fed. R. Crim. P. 43(b)(4) provides that '[a] defendant need not be present'" at such a proceeding); *United States v. Franks*, 31 F. App'x 833, 2002 WL 180372, at *1 (5th Cir. 2002) ("Because the district court merely modified [the defendant's] existing sentence, under . . . 18 U.S.C. § 3582(c)(1), [he] was not entitled to be present and to allocute") (citations omitted); *Anderson v. United States*, 241 F. App'x 625, 629 (11th Cir. 2007) (rejecting allocution argument because under "[Rule] 43(b)(4), a defendant's presence at a § 3582(c) sentence correction proceeding is *not* required").

## B.

Howard next argues that the district court abused its discretion and imposed a sentence in violation of law by issuing an order pursuant to 18 U.S.C. § 3582(c) without adequately explaining its ruling. In support of this claim, he relies on *United States v. Marion*, 590 F.3d 475 (7th Cir. 2009), where the Seventh Circuit concluded that "[a]lthough ruling on a motion to reduce is not the same as imposing a sentence, we

think that the reasoning behind requiring a brief statement of reasons at sentencing compels a similar requirement when deciding a motion to reduce." *Id.* at 477. The court cautioned that its opinion "should not be read to expand what is required of a district court when sentencing a defendant or considering a motion to reduce a sentence under § 3582(c)(2)," but it explained that "[s]ome statement of the district court's reasoning is necessary for this court to be able to meaningfully review its decision." *Id.* The court went on to clarify that "[t]he problem with the order here is not that the district court used a form order, or even that the order contained only a one-sentence explanation"; instead, "[t]he problem arises from the fact that it is impossible for us to ensure that the district court did not abuse its discretion if the order shows only that the district court exercised its discretion rather than showing *how* it exercised that discretion." *Id.* at 477-78. Thus, it held that "[s]ome minimal explanation is required." *Id.* at 478.

The government counters that "the Seventh Circuit in *Marion* did not have a record where the parties stipulated that the district court had the discretion to reduce the defendant's sentence to a point anywhere within the new guideline range" and argues that "having [so] stipulated . . . [Howard] should not be heard to complain . . . ." It also asserts that *Marion* is erroneous because "[n]o other appellate court, to our knowledge, has required a district court to provide an explanation for its decision on a section 3582(c)(2) motion." We disagree on both counts. Contrary to the government's contention, the statement in the parties' stipulation that "[a]ccordingly, [the district court] has the discretion to reduce Howard's sentence to any point within the new range of 78-97 months" merely acknowledged that the district court had authority to impose a sentence within the new Guideline's range; it was not a waiver by Howard, and could not in any event absolve the district court of its duty to exercise its discretion. Further, the government's characterization of the position of the Courts of Appeals is inaccurate. The Seventh Circuit is not unique in holding that district courts must provide some explanation for decisions under § 3582(c)(2). *See, e.g.*, *United States v. Curry*, 606 F.3d 323, 330-31 (6th Cir. 2010); *United States v. Archer*, 362 F. App'x 491, 495-96 (6th Cir. 2010) ("[T]he court's burden to explain its execution of this requirement is not heavy. . . . [it] must satisfy the appellate court that [it] has considered the parties' arguments and

has a reasoned basis for exercising [its] own legal decision-making authority") (internal quotation marks and brackets omitted).

The question in this case is whether the district court's order met this minimal requirement. In answering that question, a review of our case law is instructive. In *Curry,* we held that even though "the district court's order denying Curry's motion to resentence was cursory at best," the district court did not abuse its discretion because "the record had been amply developed before the resentencing[,] . . . . [the district court] had already considered the relevant factors in some depth at the original sentencing and the first resentencing[,] . . . . [and] indicated [it] had reviewed the entire record, including the parties' recommendations, and had considered all the relevant § 3553(a) factors and the Sentencing Guidelines in making [its] decision." *Curry*, 606 F.3d. at 331. Likewise, in *Archer*, we concluded that the district court did not abuse its discretion because it "listed several of the [3553(a)] factors that it explicitly deemed 'relevant' to Defendant's request," "later recited the evidence used in the original sentencing decision to support the finding that Archer had endangered the lives of others," and "stated that the original sentence is justified 'considering the § 3553 factors such as whether the sentence provides just punishment for the offense, whether the sentence is an adequate deterrence to criminal conduct, and whether the sentence will protect the public from further crimes of defendant.'" *Archer*, 362 F. App'x at 496 (footnote omitted).

In accord are *United States v. Holland*, 391 F. App'x 468 (6th Cir. 2010) and *United States v. Dewitt*, 385 F. App'x 479 (6th Cir. 2010). In *Holland*, the defendant challenged as insufficient the district court's denial of his § 3582(c)(2) motion in a "summary order" that stated that "Holland's motion was denied 'for the reasons set forth in the government's brief.'" *Holland*, 391 F. App'x at 470. We affirmed because "[t]he district court's order incorporated by reference 'the reasons stated in the government's brief,' which included Holland's criminal history, *see* 18 U.S.C. § 3553(a)(1); his dangerousness to the public, *see id.* § 3553(a)(2)(C); and the seriousness of his offense, *see id.* § 3553(a)(2)(A)." *Id.* In *Dewitt*, we similarly upheld a district court's ruling on a § 3582(c)(2) motion where the resentencing order made clear that the district court

relied on "the reasoning set forth . . . in [the] Post-Sentencing Addendum to the Presentence Report, [] the Government's Response in Opposition . . . , [and] [the] Court's review of notes made contemporaneous with the initial and second sentencing" and explained that "[t]he basis of this Court's reasoning, in addition to the foregoing, is its conclusion that this Defendant represents a serious danger to the safety of the community. . . ." 385 F. App'x at 481 (citation omitted).

The order in this case is materially different. Here, the district court reduced Howard's sentence from 97 months to 88 months by checking two boxes on a form: one next to the statement that "[u]pon a motion of . . . the court under 18 U.S.C. § 3582(c)(2) for a reduction in the term of imprisonment imposed based on a guideline sentencing range that has subsequently been lowered and made retroactive by the United States Sentencing Commission pursuant to 28 U.S.C. § 994(u), and having considered such motion, and taking into account the sentencing factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable"; and the other next to the statement "IT IS ORDERED that the motion is . . . GRANTED." Unlike *Archer*, *Dewitt*, and *Holland,* where the district courts indicated by name or by substance the particular § 3553(a) factors that were relevant to their decisions, the district court here neither stated which of the § 3553(a) factors were applicable nor added any explanation for its decision in the space provided for "additional comments." *Cf. United States v. Jones*, 407 F. App'x 22, 25-26 (6th Cir. 2011) (upholding a district court's decision where the order identified the relevant § 3553(a) factors). Moreover, the order in this case is significantly less informative than the "cursory at best" order upheld in *Curry*, because that order at least pointed out that the district court reviewed the relevant facts of the case and made clear that the court's decision was based on the same considerations that caused it to impose the defendant's original sentence. *Curry*, 606 F.3d at 331.[1]

---

[1] The order in *Curry* stated that the district court:

reviewed the public record in this matter, the original Presentence Report, and the Sentence Modification Report. After considering the recommendations of interested parties, and the goals of sentencing under 18 U.S.C. § 3553(a), and consistent with the Sentencing Commission's policy Statement, U.S.S.G. 1B1.10, the Court finds, in its discretion, that no reduction in sentence is warranted on the facts of this case. The original quantity decision rested on many considerations other than the amount of crack

Closer to the present circumstance are the cases we found distinguishable in *Archer,* 362 F. App'x at 496-97 (citing *United States v. Nelson*, 303 F. App'x 641, 645-46 (10th Cir. 2008) (remanding case for reconsideration because court failed to identify any specific factors that it found relevant in its decision); *United States v. Edwards*, No. 97-60326, 1998 WL 546471, at *3 (5th Cir. Aug. 6, 1998) ("This [decision] by the district court failed to indicate in any way which factors it found relevant to its decision . . . .")); *cf. also United States v. Burrell*, 622 F.3d 961, 964 (8th Cir. 2010) (remanding "because the record does not allow us to discern how the district court exercised its discretion . . . [where] [t]he court did not identify any factors that it considered relevant in deciding to reduce Burrell's sentence and determining the extent of that reduction"). Because the order in this case creates the same "problem" identified in *Marion* – that is, "it is impossible for us to ensure that the district court did not abuse its discretion [because] the order shows only that the district court exercised its discretion rather than showing *how* it exercised that discretion," 590 F.3d at 478 – we conclude that a remand is warranted.

## C.

Finally, Howard cites *United States v. Booker*, 543 U.S. 220 (2005), and asserts that the district court abused its discretion by resentencing him without "considering the application of a one-to-one ratio for crack to powder cocaine." *Dillon v. United States*, — U.S. —, 130 S. Ct. 2683, 2691 (2010), which was decided after the briefing in this case, forecloses this argument. As we explained in *United States v. Bowers*, 615 F.3d 715 (6th Cir. 2010), "*Dillon*'s holding that the *Booker* remedial opinion has no force in § 3582(c)(2) proceedings directly compels the conclusion that *Booker*'s . . . promulgation of unreasonableness review in lieu of the [Sentencing Reform] Act's more circumscribed standard does not appl[y] . . . either." *Id.* at 727 (citation and internal quotation marks omitted). Because "a defendant's allegation of *Booker*

---

cocaine included, and the Court believes the purposes of sentencing are best served by continuing the existing sentence without reduction.

(*Curry*, Record on Appeal 54 (5/19/2008 Order)).

unreasonableness in a § 3582(c)(2) proceeding does not state a cognizable 'violation of law' that § 3742(a)(1) would authorize us to address on appeal," *id.*, we lack jurisdiction to consider Howard's claim.  *Cf. United States v. Watkins*, 625 F.3d 277, 282 (6th Cir. 2010) ("To the extent that Watkins appeals the denial of the sentence reduction under section 3582(c)(2) on *Booker* reasonableness grounds, we lack jurisdiction to entertain this argument. Thus, we lack jurisdiction to consider Watkins's argument that the district court failed to consider disparities that persist between crack and powder cocaine offense sentencing even after Amendment 706.") (citations omitted).

## IV.

For these reasons, we order a limited remand to the district court with instructions to provide a statement of reasons, consistent with this opinion, for its decision to reduce Howard's sentence from 97 to 88 months' imprisonment.