NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 12-1285
_____

UNITED STATES OF AMERICA

v.

THOMAS DARMEL THOMAS,
a/k/a Little Man

Thomas Darmel Thomas,
Appellant

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
D.C. Criminal No. 06-cr-00322-001
(Honorable Yvette Kane)

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
November 13, 2012

Before:  SCIRICA, FISHER and JORDAN, *Circuit Judges*.

(Filed:  November 20, 2012)

_____

OPINION OF THE COURT

_____

SCIRICA, *Circuit Judge*.

Thomas Darmel Thomas appeals the District Court's reduction in his sentence for

failure to explain its reasoning under 18 U.S.C. § 3553(a). Because we conclude the

District Court was not required to reiterate its analysis under § 3553(a), provided at Thomas's original sentencing, we will affirm.

## I.

In March, 2006, Thomas was speeding and driving erratically in Susquehanna Township, Pennsylvania. When a police officer on routine patrol attempted to pull him over, Thomas accelerated to speeds up to 100 miles per hour and began to weave back and forth, eventually colliding with another vehicle. Medical personnel treating Thomas at the scene discovered on him a loaded weapon, 35.41 grams of crack cocaine, $983 in cash, and a small amount of marijuana.

A grand jury indicted Thomas on three drug trafficking and firearms charges. Thomas signed a written plea agreement with the government, agreeing to plead guilty to a single charge: possession with intent to distribute cocaine base under 21 U.S.C. § 841(a).[1] Under the 2006 Sentencing Guidelines, the District Court set Thomas's base offense level at 30. The court adjusted Thomas's offense level to 31 after two-point additions each for possessing a dangerous weapon and obstructing justice by fleeing from a law enforcement officer and a three-point reduction for accepting responsibility. With a criminal history category of VI, Thomas's sentencing guideline range was 188-235 months. At the sentencing hearing, the court heard testimony that Thomas had obtained a GED while incarcerated and also about his family history. The court sentenced Thomas to 194 months' imprisonment after addressing the § 3553(a) factors: "I think a sentence

---

[1] Cocaine base, for the purposes of the guidelines, is defined as crack cocaine. U.S.S.G. § 2D1.1(c), n. (D); *DePierre v. United States*, 131 S. Ct. 2225, 2236 (2011).

less than the maximum would protect the public from further crimes, provide him with needed education and vocational training and adequately deter him, and at the same time reflect the seriousness of the offense and promote respect for the law."

The Sentencing Commission amended U.S.S.G. § 1B1.10 in 2008 and 2011 to give retroactive effect to reductions in offense levels for cocaine base offenses in U.S.S.G. § 2D1.1. Thomas then filed a *pro se* motion for sentence reduction under 18 U.S.C. § 3582(c)(2) and for a sentence below the amended guideline range because of his rehabilitation, such as obtaining his GED and tutoring other inmates, and the unfairness of the crack cocaine guidelines. The court appointed counsel for Thomas. Counsel moved for a sentence reduction under § 3582(c)(2) to 155 months, three percent above the new minimum sentence of 151 months,[2] just as Thomas's original sentence had been three percent above the then-minimum sentence. The government concurred in the request to reduce Thomas's sentence to 155 months, and the court granted the request. In granting the request, the court stated it had considered the § 3553(a) factors.

Thomas appeals the sentence reduction, contending the court did not adequately explain its reasoning under the § 3553(a) factors.[3]

II.

Section 3582(c)(2) provides:

---

[2] Under the amended guidelines, Thomas's adjusted offense level, as a career offender, was 29. Since Thomas had a criminal history category of VI, this resulted in a sentencing guideline range of 151-188 months.

[3] The District Court had jurisdiction under 18 U.S.C. § 3231. We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a). We review the District Court's sentence reduction under 18 U.S.C. § 3582(c)(2) for abuse of discretion. *United States v. Mateo*, 560 F.3d 152, 154 (3d Cir. 2009).

[I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

Section 3582(c)(2) has a "narrow scope." *Dillon v. United States*, 130 S. Ct. 2683, 2691 (2010). It "does not authorize a sentencing or resentencing proceeding," but only "a limited adjustment to an otherwise final sentence" when a guideline has been amended. *Id.* at 2690-91.[4] There may be circumstances (when § 3553(a) factors are applicable) where a district court should explain its rationale for a new sentence under § 3582(c)(2), but a district court does not err by not doing so when it properly considered the relevant factors at initial sentencing and, at resentencing, granted the defendant's request to reduce the sentence to one of comparable length to the initial sentence, relative to the applicable guideline range. *See, e.g., United States v. Evans*, 587 F.3d 667, 673-74 (5th Cir. 2009) (holding a district court did not err by not mentioning the § 3553(a) factors at resentencing when there was evidence it had considered them and the "the facts that led to" the defendant's initial high-end sentence remained at resentencing to a high-end

---

[4] "When the Commission makes a Guidelines amendment retroactive, 18 U.S.C. § 3582(c)(2) authorizes a district court to reduce an otherwise final sentence that is based on the amended provision. Any reduction must be consistent with applicable policy statements issued by the Sentencing Commission. The relevant policy statement, USSG § 1B1.10, instructs courts proceeding under § 3582(c)(2) to substitute the amended Guidelines range while 'leav[ing] all other guideline application decisions unaffected.' § 1B1.10(b)(1). Under § 3582(c)(2), a court may then grant a reduction within the amended Guidelines range if it determines that one is warranted 'after considering the factors set forth in section 3553(a) to the extent that they are applicable.'" *Dillon*, 130 S. Ct. at 2688.

4

sentence under the amended guidelines).[5]

At Thomas's initial sentencing hearing, the District Court addressed the § 3553(a) factors and imposed a sentence three percent above the lower end of the guideline range. After the guidelines were amended, the same court granted Thomas's unopposed motion to reduce his sentence to three percent above the lower end of the amended guideline range. In doing so, the court stated it had considered the § 3553(a) factors. While the court did not reiterate analysis of those factors, we will assume this was because that analysis had not changed since initial sentencing. For example, Thomas's *pro se* motion emphasized his rehabilitation, including obtaining a GED and tutoring other inmates. But at the initial sentencing hearing, the District Court had already heard evidence that Thomas had obtained a GED while incarcerated.[6]

We see no error here.

III.

For the foregoing reasons, we will affirm the judgment of sentence.

---

[5] Thomas's reliance on *United States v. Marion*, 590 F.3d 475 (7th Cir. 2009) and *United States v. Howard*, 644 F.3d 455 (6th Cir. 2011) is unavailing. In *Marion*, the District Court denied defendant's § 3582(c)(2) motion. In *Howard*, the District Court reduced defendant's sentence from the lower end of the guideline range to the midpoint of the amended guideline range despite defendant's request for a minimum sentence.

[6] Thomas's *pro se* motion also requested a sentence below the guideline range. Under § 3582(c)(2), the District Court has no authority to reduce a defendant's term of imprisonment to below the amended guideline range unless the defendant's initial sentence was below the previous guideline range. *Dillon*, 130 S. Ct. at 2692 (citing U.S.S.G. § 1B1.10(b)(2)(B)). Since Thomas's initial sentence was not below the guideline range, his reduced sentence could not be either.