**NOT RECOMMENDED FOR PUBLICATION**
File Name: 16a0624n.06
UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
Nov 23, 2016
DEBORAH S. HUNT, Clerk

UNITED STATES OF AMERICA,           )
                                    )
   Plaintiff-Appellee,              )
                                    )
      v.                           )     ON APPEAL FROM THE
                                    )     UNITED STATES DISTRICT
CRAIG EDWARD HUNNICUTT, JR.,         )     COURT FOR THE WESTERN
                                    )     DISTRICT OF MICHIGAN
   Defendant-Appellant.            )
                                    )

BEFORE: McKEAGUE, GRIFFIN, and KETHLEDGE, Circuit Judges.

GRIFFIN, Circuit Judge.

Defendant Craig Hunnicutt moved the district court to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2) after the United States Sentencing Commission reduced base offense levels for most drug-trafficking crimes. Given his violent past and non-exemplary behavior while incarcerated, the district court declined. Hunnicutt appeals, contending the district court erred by failing to consider his post-incarceration rehabilitation efforts. As the district court did not abuse its discretion in denying Hunnicutt's motion for a reduced sentence, we affirm.

I.

In 2006, Hunnicutt pleaded guilty to possessing cocaine base with intent to distribute in violation of 21 U.S.C. § 841(a)(1), and possessing a firearm in furtherance of a drug trafficking

crime in violation of 18 U.S.C. § 924(c)(1). The district court sentenced him to a total of 204 months of imprisonment. Defendant did not appeal that judgment.

Defendant has unsuccessfully moved three times for a reduced sentence pursuant to 18 U.S.C. § 3582(c)(2). First, on December 13, 2010, the district court declined to reduce Hunnicutt's sentence on account of the United States Sentencing Commission's retroactive reduction in the base offense level Guideline for crack cocaine offenses by way of Amendments 706 and 711. Even though it found defendant eligible for a reduced sentence, it exercised its discretion and denied his request, in pertinent part, as follows:

> The government's brief . . . presents a compelling portrait of a Defendant who has repeatedly squandered multiple opportunities for earlier custodial release by quickly reverting to violent misconduct. Even while in federal custody on this sentence, Defendant has found himself on the wrong side of disciplinary sanctions for, among other things, carrying an 8-inch metal shank as a weapon. Defendant's attempt to explain away the shank as needed protection is unconvincing. Defendant's prison misconduct also includes possession of intoxicants and lying to staff. These incidents are all as recent as 2009.

(Citation omitted.) Hunnicutt appealed this decision, but we dismissed it for lack of jurisdiction. No. 10-2694, slip op. at 2 (6th Cir. May 19, 2011).

On January 15, 2013, the district court denied Hunnicutt's request for a reduced sentence based on Amendment 750. It again found defendant to be eligible, but declined to exercise its discretion on similar grounds: "Mr. Hunnicutt's behavior even while incarcerated shows that he is a threat to society." We affirmed, finding no abuse of discretion because the district court "considered the motion, the policy statement set forth in USSG § 1B1.10, and the sentencing factors set forth in § 3553(a)." No. 13-1107, slip op. at 3 (6th Cir. June 11, 2013).

That brings us to the present appeal—the district court's November 5, 2015, denial of a motion based on Amendment 782. Once again, the district court found defendant to be eligible for a sentence reduction, but declined to so reduce:

> Defendant was convicted before this Court of drug dealing and possessing a firearm in furtherance of a drug trafficking crime. Defendant's Presentence Investigation Report shows a fearsome fellow who has, starting when he was 12 years old and throughout his life, done what he pleases, threatens others with serious injury and death and perpetrates violence. Furthermore, as shown on the Sentence Modification Report, Defendant has not shown an ability to conform to the rules of the Bureau of Prisons, and he is considered a "high security inmate." . . . After considering Defendant's request, his criminal conduct, his continuing breaking of the rules, his danger to the community, the nature of his original offenses, and the facts and circumstances set forth in his original Presentence Investigation Report, this Court has decided that it will not reduce Defendant's sentence.

(Citation omitted.) Hunnicutt contends this was an abuse of discretion by failing to address his "arguments about the progress he has made in prison," such as his "educational pursuits, his addiction recovery pursuits, or his anger-management pursuits."

## II.

"A district court may modify a defendant's sentence only as authorized by statute." *United States v. Howard*, 644 F.3d 455, 457 (6th Cir. 2011). Under 18 U.S.C. § 3582(c)(2), a district court must first determine whether the defendant is eligible for a sentence reduction and then "must consider the § 3553(a) factors and determine whether, in its discretion, the authorized reduction is warranted under the circumstances." *Id.* at 458 (citing *United States v. Watkins*, 625 F.3d 277, 280 (6th Cir. 2010)). We review for an abuse of discretion. *United States v. Washington*, 584 F.3d 693, 695 (6th Cir. 2009).

III.

Section 3582 "does not create a *right* to a reduced sentence." *United States v. Curry*, 606 F.3d 323, 330 (6th Cir. 2010). Nor does it "constitute a full resentencing of the defendant." *Id.* (citation omitted). Rather, it *requires* that a district court consider "both the 18 U.S.C. § 3553(a) factors and 'the nature and seriousness of the danger to any person or the community that may be posed by a reduction in the defendant's term of imprisonment,'" and *permits* the district court to "consider post-sentencing conduct of the defendant." *Id.* (quoting U.S.S.G. § 1B1.10 cmt. n.1(B)). "[D]istrict courts must provide some explanation for decisions under § 3582(c)(2)." *Howard*, 644 F.3d at 460.

Our decisions in *Curry* and *Howard* illustrate this "some explanation" principle. In *Curry*, the order denying sentence modification was "cursory at best," but was satisfactory:

> [T]he record had been amply developed before the resentencing motion at issue here was filed. [The district court] had already considered the relevant factors in some depth at the original sentencing and the first resentencing under *Booker*. . . . [The district court judge] indicated he had reviewed the entire record, including the parties' recommendations, and had considered all the relevant § 3553(a) factors and the Sentencing Guidelines in making his decision. Under the circumstances, this Court cannot conclude that he abused his discretion in denying the defendant's motion for further modification of his sentence.

606 F.3d at 331. In *Howard*, however, the district court fell short of this "minimal requirement"—it did not explain its decision and just checked two boxes on an order without detailing "which of the § 3553(a) factors were applicable." 644 F.3d at 461.

Here, the district court's decision falls comfortably within *Curry*'s realm of satisfactory explanation. We said as much during Hunnicutt's last appeal:

> The order denying Hunnicutt's § 3582(c)(2) motion shows that the district court considered the motion, the policy statement set forth in USSG § 1B1.10, and the sentencing factors set forth in § 3553(a). The parties' responses to the Sentence Modification Report were also before the court, and they further discussed the

> pertinent § 3553(a) factors, including the history and characteristics of the defendant and the need to protect the public from his conduct in the future. Moreover, the district court judge was aware of the record and Hunnicutt's particular characteristics because he was the judge who sentenced Hunnicutt in 2007. *See Curry*, 606 F.3d at 331. Under these circumstances, Hunnicutt cannot plausibly argue that the court abused its discretion by denying his motion for reduced sentence. *See Watkins*, 625 F.3d at 281; *Curry*, 606 F.3d at 331.

No. 13-1107, slip op. at 3 (6th Cir. June 11, 2013). The only thing that has arguably changed is defendant requested that the court reduce his sentence on account of his efforts to better himself while incarcerated. But as we have repeatedly said, a district court need not consider post-sentencing conduct when evaluating a § 3582(c)(2) motion. *Curry*, 606 F.3d at 330. Nor do we "require the district court to articulate its analysis of each sentencing factor as long as the record demonstrates that the court considered the relevant factors." *Watkins,* 625 F.3d at 281. And we have found no abuse of discretion in similar cases involving defendants who raise significant safety concerns in light of pre- or post-sentencing conduct. *See, e.g., United States v. Greenwood*, 521 F. App'x 544, 548–49 (6th Cir. 2013); *United States v. Daniel*, 414 F. App'x 806, 809 (6th Cir. 2011); *United States v. Jones*, 407 F. App'x 22, 26 (6th Cir. 2011).[1] The district court did not abuse its discretion here.

## IV.

For these reasons, we affirm the district court.

---

[1]We also decline to consider defendant's new arguments in reply regarding some of the facts relied upon by the district court that were contained in defendant's presentence report—and as defendant admits, facts to which his counsel did not object—because "[a]n argument raised for the first time in a reply brief will not be considered by this Court." *Overstreet v. Lexington-Fayette Urban Cty. Gov't*, 305 F.3d 566, 578 (6th Cir. 2002).