NOT RECOMMENDED FOR PUBLICATION
File Name: 25a0389n.06

Case No. 24-5645

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED

Aug 05, 2025

KELLY L. STEPHENS, Clerk

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR |
| | ) | THE WESTERN DISTRICT OF |
| | ) | KENTUCKY |
| ANTONIO L. BILLUPS, | ) | |
| Defendant-Appellant. | ) | |
| | ) | AMENDED OPINION |

Before: SUTTON, Chief Judge; GIBBONS and WHITE, Circuit Judges.

SUTTON, Chief Judge. After Antonio Billups supplied almost 4,000 pounds of methamphetamine to dealers in a nationwide drug ring, he received a 144-month sentence. When the Sentencing Commission enacted Guidelines Amendment 821, he moved for and received a 16-month sentence reduction. *See* 18 U.S.C. § 3582(c)(2). Billups argues that the district court should have reduced his sentence eight months more. We affirm.

I.

This case begins in November 2021, when police searched a Kentucky home, detained Billups, and found fourteen pounds of methamphetamine next to $27,126. After his arrest, Billups confessed to investigators that, over the past year and a half, he had distributed 3,968 pounds of methamphetamine from suppliers in Atlanta to dealers across Memphis, Pensacola, Iowa City, Cleveland, and Bowling Green.

Prosecutors charged, and Billups pleaded guilty to, one count of conspiracy to possess five hundred or more grams of methamphetamine and two counts of possession with intent to distribute. The district court issued Billups a 144-month sentence.

The next year, Billups moved for a sentence reduction under 18 U.S.C. § 3582(c)(2). He argued that Guidelines Amendment 821, enacted in 2023, reduced his criminal history category and requested "the mandatory minimum sentence" of "120 months, or in the alternative, 128 months." R.97 at 1. The district court obliged in part, reducing Billups' sentence to 128 months. Seeking the eight-month difference, Billups appeals.

II.

A district court generally "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). But it may reduce a prior sentence calculated using a range "that has subsequently been lowered by the Sentencing Commission." *Id.* § 3582(c)(2). This discretionary choice involves two steps. The court first determines whether a reduction is consistent with "applicable policy statements," here U.S.S.G. § 1B1.10. *Dillon v. United States*, 560 U.S. 817, 826 (2010) (quoting 18 U.S.C. § 3582(c)(2)). It then considers whether the reduction is warranted according to "the factors set forth in section 3553(a)." *Id.*

The parties share some common ground about the application of Amendment 821. They agree that it eliminated a two-point criminal-history enhancement for offenses committed while a defendant served a criminal justice sentence and that this change would have lowered Billups' recommended sentencing range. And they agree that the applicable policy statement does not pose a bar to the requested reduction.

They disagree about the answer to one question: Did the court adequately consider the § 3553(a) factors in reducing Billups' sentence by 16 months rather than 24 months? We review

the district court's determination for an abuse of discretion. *United States v. Howard*, 644 F.3d 455, 458 (6th Cir. 2011).

While the sentencing statute requires judges to "state in open court the reasons for its imposition of the particular sentence," 18 U.S.C. § 3553(c), the sentence-modification provision does not, *id.* § 3582(c)(2). The Supreme Court has assumed "for argument's sake" that district courts have "equivalent duties" both times. *Chavez-Meza v. United States*, 585 U.S. 109, 115 (2018). We will do the same. The requisite amount of explanation depends on "the circumstances of the particular case" and the face of the particular record, including "what the judge said at" the "initial sentencing." *Id.* at 116, 119. The court need not expressly address each argument "as long as the record demonstrates that the court considered" them. *United States v. Watkins*, 625 F.3d 277, 281 (6th Cir. 2010). For a "conceptually simple" case whose record indicates that the judge has "considered the evidence and arguments," *Chavez-Meza*, 585 U.S. at 113 (quotation omitted), even a "cursory" form order will do, *United States v. Curry*, 606 F.3d 323, 331 (6th Cir. 2010); *Chavez-Meza*, 585 U.S. at 117–20; *cf., e.g.*, *United States v. Navarro*, 986 F.3d 668, 671 (6th Cir. 2021).

The district court adequately explained the reduced sentence. The form order stated that the court accounted for the "factors set forth in 18 U.S.C. § 3553(a)." R.100. And the court concluded that a 128-month sentence was "comparably less" than Billups' original sentence under the amended Guidelines. R.101. That makes sense. The 128-month sentence bears the same relation to the amended Guidelines range as the 144-month sentence bears to the original Guidelines range. By issuing the same sentence that it would have imposed had the amendment applied at the first sentencing, the district court incorporated its earlier analysis.

What makes sense to us should make sense to Billups. It bears repeating that Billups asked for either a 120-month or a 128-month sentence and received the latter. He urged the district court to find "[a]ll of the reasons for" issuing his earlier, 144-month sentence "still applicable." R.97 at 1–2. But if that is right, it means that all of the reasons to deter drug trafficking and promote respect for the law—reincorporated into the new sentence—apply too. It also means that the district court could fairly use a form order for both decisions: lowering the initial sentence by 16 months but not reducing it by 8 more months. The court did not abuse its discretion.

Billups' responses do not alter this conclusion. He objects that the district court did not expressly "flesh out its consideration of the § 3553(a) factors and explain why they militate against a further sentence reduction." Appellant's Br. 13. No such obligation existed. The court needed to show only that it considered each non-frivolous argument, not that it gave a written or oral response to each of them. *Chavez-Meza*, 585 U.S. at 116. That truncated role reflects the reality that § 3582(c)(2) authorizes "only a limited adjustment to an otherwise final sentence and not a plenary resentencing proceeding." *Dillon*, 560 U.S. at 826. That is why in every case Billups cites this court affirmed the use of a cursory form order because the record and context demonstrated the requisite consideration of the § 3553(a) factors. *See, e.g.*, *Curry*, 606 F.3d at 325, 330; *Navarro*, 986 F.3d at 671; *United States v. Jones*, 980 F.3d 1098, 1115–16 (6th Cir. 2020); *United States v. Harvey*, 996 F.3d 310, 314 (6th Cir. 2021). So too here.

Billups counters that the district court should have considered his lack of disciplinary infractions during the year he spent in prison before he filed this motion. But the court did not make a "clear error of judgment" in giving full freight to its original conclusion that Billups' offense did not warrant further reduction, despite his clean record. *Burrell v. Henderson*, 434 F.3d 826, 831 (6th Cir. 2006) (quotation omitted). Put another way, if a defendant peacefully serves

4

12 months of a 128-month sentence, that does not automatically nullify the remainder. The court did not err in dismissing this eight-month discount request "without a detailed explanation." *Concepcion v. United States*, 597 U.S. 481, 501 (2022).

Billups insists that his sentence was substantively too long. But the court reasonably concluded that a 128-month sentence remained appropriate by weighing Billups' difficult upbringing in foster care, the scale of his trafficking operation, and the other § 3553(a) factors. Because a 144-month sentence was not "greater than necessary" to deter distributing 4,000 pounds of methamphetamine then, R.108 at 9, a 128-month sentence is not greater than necessary to deter distributing 4,000 pounds of the drug now.

We affirm.