NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 09a0687n.06

No. 08-1988

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
**Oct 19, 2009**
LEONARD GREEN, Clerk

UNITED STATES OF AMERICA,      )
                               )
    Plaintiff-Appellee,        )
                               )      On Appeal from the United States
v.                             )      District Court for the Western
                               )      District of Michigan
ALLEN EUGENE BATTLES,          )
                               )
    Defendant-Appellant.       )

Before:  DAUGHTREY, SUTTON, and McKEAGUE, Circuit Judges.

**PER CURIAM.**  Defendant Allen Eugene Battles appeals the 210-month prison sentence imposed following his guilty plea to a charge of conspiracy to distribute and to possess with intent to distribute five kilograms or more of cocaine.  Before this court, he challenges only the appropriateness of the method used by the district judge for sentencing defendants granted downward departures from statutory minimum sentences. Our circuit's precedent compels us to reject that challenge, and we thus affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

A federal grand jury returned a superseding indictment against the defendant, charging him not only with conspiring to distribute and to possess with intent to distribute five or more kilograms of cocaine, but also with being a felon in possession of a firearm.

Prior to trial, however, Battles entered into a plea agreement with the government, pursuant to which he agreed to plead guilty to the conspiracy charge and to assist the government in its investigation into other drug crimes in exchange for the government's dismissal of the felon-in-possession charge, a recommendation that the district court grant him a reduction in sentence for acceptance of responsibility, and a possible motion for a downward departure from the required sentence for providing substantial assistance.

As agreed, Battles did plead guilty to the conspiracy count of the indictment. Based upon the quantity of cocaine involved in the conspiracy, the defendant, the prosecution, and the district court all concluded that application of the relevant sentencing guidelines provisions ordinarily would yield a sentencing range of 168-210 months for the offense of conviction, as modified by certain agreed-upon concessions. Even so, however, the statute under which Battles was convicted, 21 U.S.C. § 841(b)(1)(A)(ii), provided for a statutory mandatory-minimum sentence of 20 years in prison.[1] Faced with those divergent sentencing parameters, the district court turned to section 5G1.1(b) of the United States Sentencing Guidelines, which provides, "Where a statutorily required minimum sentence is greater than the maximum of the applicable guideline range, the statutorily required minimum sentence shall be the guideline sentence." The court thus considered the guideline sentence to be 240 months and, after granting the government's motion for a

---

[1] In reality, Battles had two prior drug trafficking convictions and could, therefore, have been ordered to serve a mandatory life sentence. *See* 21 U.S.C. § 841(b)(1)(A)(ii).

downward departure, departed downward 30 months, arriving at a final sentence of 210

months in prison.  Furthermore, the district judge stated on the record:

> I should add that if in fact I'm wrong about what the guideline sentence is, if the guideline sentence actually becomes not 240 months, the statutory minimum, but 168 to 210 months, the 210 months would still be within, although at the top edge of that range, and I think that would be appropriate as well.

Battles now argues that the district judge erred in considering the guideline sentence to be

240 months and that a grant of a 30-month downward departure for providing substantial

assistance to the authorities should have resulted in a final sentence between 138 and 180

months (168-210 months minus 30 months).

## DISCUSSION

Unfortunately for the defendant, in reviewing his appeal we do not write upon a

clean slate.  Indeed, prior decisions in this circuit on the claim raised by this appeal have

been uniform and preclude us from ruling contrary to those earlier judicial

pronouncements.  *See, e.g.*, *Salmi v. Sec'y of Health and Human Servs.*, 774 F.2d 685,

689 (6th Cir. 1985) (panel may not overrule circuit precedent absent an inconsistent

Supreme Court decision or an *en banc* ruling by this court overruling the prior decision).

Those binding prior circuit decisions have consistently made two points.  First, the cases

emphasize that we may exercise jurisdiction over a claim like Battles's because the

defendant is *not* arguing simply for a greater departure from a guideline-range sentence

– an argument over which we would have no jurisdiction – but, rather, is offering a legal challenge to "the method used to calculate the downward departure for substantial assistance." *United States v. Stewart*, 306 F.3d 295, 331 (6th Cir. 2002). Second, prior cases explicitly instruct us that, in a situation in which the statutory minimum sentence is greater than the initial calculation of a guideline sentencing range, "the appropriate starting point for calculating a downward departure under 18 U.S.C. § 3553(e) is the mandatory minimum sentence itself." *Id*. at 332. *See also United States v. Johnson*, 564 F.3d 419, 423 (6th Cir.), cert. denied, ___ U.S. ____, No. 09-5827, 2009 WL 2496372 (Oct. 5, 2009); *United States v. Schray*, 383 F.3d 430, 433 (6th Cir. 2004).[2]

In this case, the initial computation of the guideline range for the offense to which Battles pleaded guilty was 168 to 210 months. However, because the statute defining the crime and its punishment provided for a statutory minimum punishment of 240 months, *see* 21 U.S.C. § 841(b)(1)(A)(ii), the sentencing court was required to refer to the provisions of section 5G1.1(b) of the guidelines in order to derive the actual, final "guideline sentence."

The district judge's subsequent determination that "the statutorily required minimum sentence shall be the guideline sentence" was not only mandated by section 5G1.1(b), but

---

[2] Throughout its brief, the government claims that this circuit has recently reaffirmed this rule in "*United States v. Diaz*, 546 F.3d 566 (6th Cir. 2008)," and cites *Diaz* as controlling precedent in this appeal. *Diaz*, however, is an *Eighth Circuit* case and, while persuasive, is not controlling on our decision-making. Nevertheless, because *Diaz* follows the lead of *Stewart*, by which we *are* bound, the practical effect of the government's citations is no different.

also makes logical sense in light of the interplay among various guideline and statutory provisions. As we noted in Stewart:

> When a defendant faces a statutory minimum sentence, the district court's ability to depart downward below that minimum is limited to two provisions – 18 U.S.C. § 3553(e), which allows for departures based upon the government's motion indicating that a defendant has provided substantial assistance in the investigation of other suspects, and 18 U.S.C. § 3553(f), which is known as the "safety valve" provision. In *United States v. Burke*, 237 F.3d 741, 743 (6th Cir. 2001), we recognized that all of the courts that have addressed the issue have determined that these two provisions represent the exclusive means by which a district court may depart below a statutory minimum.

*Stewart*, 306 F.3d at 331 n.21 (citations omitted). If we were to adopt the defendant's proposal to apply the downward departure to the initial guideline range that falls below the statutory minimum, we would, in effect, be approving a third method of avoiding the reach of the statutory sentencing provision. As we stated in *Johnson*, acceptance of the defendant's argument "would afford him a 'double benefit by first permitting [him] to avoid a higher mandatory minimum sentence and then granting a departure from an even lower sentencing guidelines range.'" *Johnson*, 564 F.3d at 423 (quoting *Stewart*, 306 F.3d at 332). This we cannot do.

## CONCLUSION

For the reasons set out above, we AFFIRM the judgment of the district court.