NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 11a0643n.06

Nos. 09-2618/10-1178

# UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | **FILED** |
| | ) | *Aug 31, 2011* |
| v. | ) | LEONARD GREEN, Clerk |
| | ) | |
| WILLIE JAMES TURNER, JR., | ) | |
| | ) | |
| Defendant-Appellant. (09-2618) | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR THE |
| | ) | WESTERN DISTRICT OF MICHIGAN |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| TROY DEON LEWIS, | ) | |
| | ) | |
| Defendant-Appellant. (10-1178) | ) | |

Before: KEITH, CLAY, and COOK, Circuit Judges.

COOK, Circuit Judge. Troy Deon Lewis and Willie James Turner, Jr. pleaded guilty to drug charges. The district court sentenced Lewis to a within-Guidelines 144 months' imprisonment and Turner to a below-Guidelines fifty-four months'. In this consolidated appeal, both defendants challenge their sentences. Finding each sentence reasonable, we affirm.

I.

Caught red-handed in an undercover sting operation, Lewis and Turner pleaded guilty to conspiring to distribute fifty grams or more of cocaine base in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(A)(iii). The offense carries steep penalties: imprisonment for a mandatory minimum of ten years, up to life; supervised release for a mandatory minimum of five years, up to life; and a monetary fine of up to four million dollars.

A.

Lewis faced a significant hurdle at the beginning of his sentencing process: because he had a prior drug conviction, his minimum terms of imprisonment and supervised release, along with his maximum fine, would be doubled. *See id.* § 841(b)(1)(A). Yet the government let Lewis slide under this hurdle, excusing his prior conviction in exchange for his guilty plea and his assistance in their investigation and prosecution of his co-conspirators.

Lewis's presentence report thus proceeded in the typical fashion. Beginning with a base offense level of thirty, it applied a two-level enhancement and a three-level reduction, yielding a total offense level of twenty-nine. Though Lewis had fourteen criminal history points, only nine were countable, which placed him in criminal history category IV. Pairing this offense level and criminal history category resulted in a Guidelines range of 121 to 151 months' imprisonment.

But then came hurdle number two: this range, according to the probation office, was not enough. Because Lewis dodged the § 841 enhancement and five criminal history points, the probation office recommended a one-level upward departure pursuant to U.S.S.G. § 4A1.2 cmt. 3, arguing that "there is a strong likelihood that [Lewis] will commit other crimes," and that the current range "substantially under represents [sic] the seriousness of [his] criminal history."

The district court declined this section 4A1.2(e) invitation, instead sentencing Lewis to a within-Guidelines 144 months' imprisonment and five years' supervised release.

B.

As for Turner, his sentencing calculus resulted in a Guidelines range of 87 to 108 months' imprisonment—a sentence below the 120-month mandatory-minimum penalty for his crime. In this situation, the mandatory-minimum sentence replaces the calculated Guidelines sentence, *see* U.S.S.G. § 5G1.1(b), which left Turner with a Guidelines sentence of 120 months.

The parties agreed that Turner deserved a three-level downward departure from the mandatory minimum in recognition of his substantial assistance, *see* 18 U.S.C. § 3553(e), but they originally differed over its appropriate starting point. The government, in its § 3553(e) motion, explained that the departure must begin from the 120-month Guidelines sentence; Turner responded that it should begin from the calculated Guidelines range of 87 to 108 months.

Turner, however, did not carry his disagreement to the sentencing hearing. When the court asked about the downward-departure motion, the government again argued that the three-level reduction would start at the 120-month minimum and yield a final Guidelines range of seventy to eighty-seven months. This time, Turner's counsel agreed, and the court granted the motion.

Before sentencing Turner, the court decided that he deserved additional leniency, granting him a downward variance based on the crack-to-powder cocaine ratio. It sentenced Turner to a below-Guidelines fifty-four months' imprisonment and five years' supervised release.

## II.

Lewis and Turner now challenge their sentences on various grounds. Though they neglected to raise any objections below, and would thus normally face plain-error review, *see United States v. Bostic*, 371 F.3d 865, 871–72 (6th Cir. 2004), here the district court failed, "after pronouncing the defendant[s'] sentence[s]," to follow *Bostic*'s mandate of asking "the parties whether they have any objections . . . that have not been previously raised," *id.* at 872. In both cases, the court simply asked the defendants if they had "any objection"; such language falls short of triggering *Bostic*'s plain-error bar. *See, e.g.*, *United States v. Gapinski*, 561 F.3d 467, 473–74 (6th Cir. 2009). We thus review these sentences under the ordinary abuse-of-discretion standard, ensuring that they are procedurally and substantively reasonable. *Gall v. United States*, 552 U.S. 38, 51 (2007). And because each sentence fell within or below the Guidelines, we presume they are substantively reasonable. *See United States v. Richardson*, 437 F.3d 550, 553–54 (6th Cir. 2006).

A.

Noting that district courts must consider all non-frivolous arguments in favor of mitigation, *see id.* at 554, Lewis first contends that the district court imposed a procedurally unreasonable sentence because it failed to address his argument that his government assistance warrants sentencing leniency. But the district court remembered what Lewis now forgets—that his cooperation had already bought him leniency in the sentencing process, obviating a doubling of his statutory penalties under 21 U.S.C. § 841(b)(1)(A). When Lewis's counsel asked the court to consider his assistance and impose the minimum sentence, noting that "10 years is a long time," the court responded, "Better than 20, which was what he was looking at." And the court then commented that "[a]s part of the plea agreement[,] the government agreed to not file an enhancement."

In demanding more consideration from the court, Lewis overreaches. "[A] district court's failure to address each argument [of the defendant] head-on will not lead to automatic vacatur." *United States v. Petrus*, 588 F.3d 347, 352 (6th Cir. 2009) (second alteration in original) (internal quotation marks and citation omitted). Instead, "the crucial question is whether the record makes clear that the sentencing judge listened to each argument, considered the supporting evidence, was fully aware of the defendant's circumstances[,] and took them into account in sentencing him." *United States v. Wallace*, 597 F.3d 794, 804 (6th Cir. 2010) (internal quotation marks and citation omitted).

The record demonstrates that the court "listened to [Lewis's] argument" and "was fully aware" of his cooperation. *See id.* Moreover, the court analyzed a number of Lewis's other circumstances,

including his criminal conduct, criminal history, and personal situation. On this record, we find that the district court "took [Lewis's circumstances] into account in sentencing him," and committed no procedural error. *See id.*

Lewis next argues that, even if his sentencing conformed to proper procedure, the district court imposed a substantively unreasonable sentence by improperly weighing the 18 U.S.C. § 3553(a) factors. He contends that the court weighed too heavily his criminal history, *see id.* § 3553(a)(1), and too lightly the fact that his co-conspirators received more lenient sentences, *see id.* § 3553(a)(6).

Yet the court's weighing of Lewis's criminal history was not only reasonable, but restrained. Looking past his nine countable criminal history points, a number of other non-countable convictions, and his evasion of the felony-drug enhancement, the court chose not to impose the statutorily authorized, probation-department-recommended upward departure.

And the court properly declined to weigh Lewis's sentence against those of his co-defendants. First, the § 3553(a)(6) instruction to consider "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct" targets national disparities. *Wallace*, 597 F.3d at 803; *United States v. Conatser*, 514 F.3d 508, 521 (6th Cir. 2008). "A district judge is not required to consider the disparity between the sentences of co-defendants." *Wallace*, 597 F.3d at 803.

Conferring a "presumption of reasonableness" upon the district court's within-Guidelines

sentence, *Richardson*, 437 F.3d at 553–54 (internal quotation marks and citation omitted), we find no

abuse of discretion. In addition to Lewis's criminal history, the court properly weighed other § 3553(a)

factors, including his criminal conduct and personal circumstances. Because the court's sentence was

a reasonable product of its consideration of § 3553(a), we lack grounds upon which to disturb it. *See*

*Gall*, 552 U.S. at 51–52.

B.

Turner challenges his sentence only on procedural grounds, reviving his argument regarding

the correct Guidelines range from which the court should depart. Though he concedes that his view

squarely conflicts with our holding in *United States v. Stewart*, 306 F.3d 295, 332 (6th Cir. 2002), he

asks us to overturn that case in light of *United States v. Booker*, 543 U.S. 220 (2005). He argues that

*Booker* provides "ample justification for jettisoning the holding in *Stewart*" because, "[p]rior to

*Booker*, the guidelines were mandatory," and "[n]ow they are advisory."

But Turner waived this argument by "agree[ing] in open court with [the] judge's proposed

course of conduct." *See United States v. Hall*, 373 F. App'x 588, 592 (6th Cir.) (alteration in original)

(internal quotation marks and citation omitted), *cert. denied*, 131 S. Ct. 316 (2010). During his

hearing, the government explained why the departure must begin from his mandatory-minimum

sentence, and not, as Turner had argued, from the otherwise applicable Guidelines range. The court

then asked Turner's counsel, "Ms. Raskiewicz, is [the government] right about that?" Counsel replied,

"I believe she's right about that, Your Honor, yes." When the government stated that this would yield a final range of seventy to eighty-seven months, the court again asked Turner's counsel, "Do you agree, Ms. Raskiewicz?" Counsel again replied, "Yes, Your Honor."

And even if not waived, Turner's argument fails on its merits, as *Booker* has no bearing on *Stewart*. *Stewart* tells us that, in cases involving mandatory minimums, section 5G1.1(b) evinces a Congressional intent that "the appropriate starting point for calculating a downward departure under 18 U.S.C. § 3553(e) is the mandatory minimum sentence itself." 306 F.3d at 332. *Booker* adds that, in cases *not involving* mandatory minimums, courts may deviate from a calculated Guidelines range. 543 U.S. at 259–61; *see also United States v. Branch*, 537 F.3d 582, 592 (6th Cir. 2008). We find no conflict between these holdings, and we join our line of post-*Booker* cases applying *Stewart* to § 3553(e) downward departures. *See, e.g.*, *United States v. Johnson*, 564 F.3d 419, 423 (6th Cir. 2009); *United States v. Battles*, 350 F. App'x 16, 18–19 (6th Cir. 2009) (per curiam).

*Stewart*'s validity notwithstanding, we note that the court erred in sentencing Turner—but did so in his favor. Though, in § 3553(e), Congress gave district courts "limited authority to impose a sentence below a statutory minimum" in order to reflect "a defendant's substantial assistance," this downward departure "must be based *solely* upon the substantial assistance rendered by the defendant." *United States v. Bullard*, 390 F.3d 413, 416 (6th Cir. 2004) (internal quotation marks and citation omitted). Section 3553(e) "does not eliminate a statutory minimum; it only permits . . . a sentence below the minimum to reflect the defendant's substantial assistance, not the plenary sentencing factors

that a court would normally consider under 3553(a)." *United States v. McMichael*, 377 F. App'x 529, 531 (6th Cir.), *cert. denied*, 131 S. Ct. 615 (2010).

By departing downward based on a non-substantial-assistance factor, the district court exceeded its limited authority under § 3553(e). After granting the motion for downward departure, the court misguidedly undertook an examination of "the plenary sentencing factors that [it] would normally consider under 3553(a)," *see id.,* and granted Turner a further downward departure based on the one-hundred-to-one ratio. As a result of the court's error, Turner received a sentence of fifty-four months' imprisonment, well below the proper range of seventy to eighty-seven months that reflected his substantial assistance.

## III.

For these reasons, we affirm both sentencing judgments.