NOT RECOMMENDED FOR PUBLICATION
File Name: 16a0610n.06

No. 16-1017

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**
Nov 17, 2016
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | ON APPEAL FROM THE |
| v. | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE WESTERN |
| ALLEN EUGENE BATTLES, | ) | DISTRICT OF MICHIGAN |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |

**BEFORE: MOORE, SUTTON, and WHITE, Circuit Judges.**

**HELENE N. WHITE, Circuit Judge.** Allen Eugene Battles appeals the district court's denial of his 18 U.S.C. § 3582(c)(2) motion for a sentence reduction based on an amendment to the sentencing guidelines. Battles contends that the district court provided an inadequate explanation for its decision. We agree, and **VACATE AND REMAND** for further proceedings.

**I.**

In December 2007, Battles was charged with conspiring to distribute and possess with intent to distribute five kilograms or more of cocaine. A superseding indictment added a felon-in-possession charge, and the government later filed a notice of prior felony drug conviction, making Battles subject to a statutory mandatory minimum sentence of not less than 20 years, if convicted. *See* 21 U.S.C. § 841(b)(1)(A).

As we explained when reviewing Battles's original sentence:

Prior to trial, however, Battles entered into a plea agreement with the government, pursuant to which he agreed to plead guilty to the conspiracy charge and to assist the government in its investigation into other drug crimes in exchange for the government's dismissal of the felon-in-possession charge, a recommendation that

the district court grant him a reduction in sentence for acceptance of responsibility, and a possible motion for a downward departure from the required sentence for providing substantial assistance.

*United States v. Battles*, 350 F. App'x 16, 17 (6th Cir. 2009) (per curiam).  The government did make a substantial-assistance motion, and asked for a 210-month sentence, which it regarded as the equivalent of a two-offense-level reduction from the 240-month statutory minimum sentence.

At Battles's sentencing hearing, the district court determined that Battles's offense level was 33 and his criminal history was category III, which would normally result in a guidelines range of 168 to 210 months, but because of the mandatory minimum, the guidelines provided for a 240-month sentence under USSG § 5G1.1(b).  The district court then granted the government's motion, accepted its recommendation, and imposed a sentence of 210 months, plus 10 years of supervised release and a $2,000 fine.

Battles appealed, arguing that the substantial-assistance departure should have been calculated from the 168- to 210-month range, not the 240-month statutory minimum.  *See Battles*, 350 F. App'x at 18.  We affirmed, holding that the district court correctly concluded that "the statutorily required minimum sentence shall be the guideline sentence" from which to calculate the departure.  *Id.* at 19 (discussing *United States v. Stewart*, 306 F.3d 295, 331 n.21 (6th Cir. 2002)).

Battles continued to cooperate with the government during his incarceration, which led the government to file a Federal Rule of Criminal Procedure 35(b) motion in 2010, seeking a sentencing reduction of "approximately 60 months" based on Battles's continued substantial assistance.  (R. 109, PID 403.)  The district court granted the motion and reduced Battles's 210-month sentence to 144 months.

In November 2014, Battles filed a motion to reduce his sentence under 18 U.S.C. § 3582(c)(2), citing Amendment 782.[1] The Probation Office prepared a Sentence Modification Report (SMR), which concluded that Battles was eligible for a sentence reduction and that his amended guidelines range was 135-168 months. The SMR recommended that Battles's sentence be reduced to 116 months' imprisonment. The government supported that recommendation, noting that a 116-month sentence would reflect the guidelines provision that permits a proportionate departure below the amended guidelines range when the defendant was initially sentenced below the then-applicable range based on the government's substantial assistance motion. USSG § 1B1.10(b)(2)(B) & comment. (n. 3). Battles argued for a 102-month sentence, which would reflect a 66-month reduction from the top of his new guidelines range, thus preserving the full benefit of the 2010 substantial assistance reduction. The district court declined to grant Battles any relief, denying his motion in a form order. In the space provided for explanation, the district court wrote:

> Defendant's actual guideline range both before and after the Amendment 782 is actually 240 months, the statutory mandatory minimum. Defendant's original sentence was below the mandatory minimum because of a 5K motion that released it. Defendant later received the benefit of a Rule 35 reduction as well, reducing his sentence to 144 months. The Court agrees Defendant is eligible for further reduction on these facts, but the Court does not believe a further reduction is warranted based on the entire record, and so the Court exercises its discretion not to award a further reduction.

(R. 139, PID 586.) This appeal followed.

---

[1] Amendment 782 to the Sentencing Guidelines "reduced the base offense levels for most drug-trafficking crimes"—including Battles's—and was made retroactive by Amendment 788. *See United States v. Bonds*, ___ F.3d___, No. 15-2405, 2016 WL 5956726, at *2 (6th Cir. Oct. 14, 2016) (citations omitted).

## II.

When a district court denies a § 3582(c)(2) reduction request on the merits, as opposed to on eligibility grounds, we review that decision for abuse of discretion. *United States v. Curry*, 606 F.3d 323, 327 (6th Cir. 2010) (citing *United States v. Carter*, 500 F.3d 486, 490 (6th Cir. 2007)). "A district court abuses its discretion when it relies on clearly erroneous findings of fact, or when it improperly applies the law or uses an erroneous legal standard." *Id.* (quoting *United States ex rel. A+ Homecare, Inc. v. Medshares Mgmt. Group, Inc.*, 400 F.3d 428, 450 (6th Cir. 2005)). Our court will reverse only when "firmly convinced that a mistake has been made." *United States v. Webb*, 760 F.3d 513, 517–18 (6th Cir. 2014) (quoting *United States v. Moore*, 582 F.3d 641, 644 (6th Cir. 2009)) (internal quotation marks omitted). Further, as a "minimal requirement," a district court "must satisfy the appellate court that it has considered the parties' arguments and has a reasoned basis for exercising its own legal decision-making authority." *United States v. Howard*, 644 F.3d 455, 460 (6th Cir. 2011) (quoting *United States v. Archer*, 362 F. App'x. 491, 495–96 (6th Cir. 2010)) (brackets and ellipses removed).

## III.

Battles does not argue that the decision to deny his sentence modification request was an abuse of discretion, only that the district court failed to adequately explain its reasons. We agree.

### A.

As our cases demonstrate, whether the denial of a sentence modification request is adequately explained depends heavily on the facts of the case and the extent to which the district court's reasoning can be inferred from the existing record. In *Curry*, we considered a one-page order denying a sentence modification request. The defendant was serving a below-guidelines 75-month sentence, and his amended guidelines range was 70 to 87 months. *Curry*, 606 F.3d at

325–26. The district court's order stated that it had "reviewed the entire record, including the parties' recommendations," and "considered all the relevant § 3553(a) factors and the Sentencing Guidelines." *Curry*, 606 F.3d at 331. The order was "cursory at best," but we were able to determine from the record that the district court "had already considered the relevant factors in some depth at the original sentencing and the first resentencing under *Booker*."[2] *Id.* We therefore concluded that, "[u]nder the circumstances," there had been no abuse of discretion. *Id.*

We reached a different conclusion in *Howard*. There, the defendant was serving a 97-month sentence, which was at the bottom of his original guidelines range of 97-121 months. *Howard*, 644 F.3d at 457. After the crack-cocaine guidelines were changed, he requested a § 3582(c)(2) reduction to 78 months, based on his amended guidelines range of 78-97 months. *Id.* The district court delayed ruling on the request, among other reasons so that it could "consider Howard's future conduct." *Id.* Eventually, the district court granted the motion, but reduced the defendant's sentence to 88 months, not 78 months. *Id.* In doing so, the district court issued a form order stating only that its decision was made "taking into account the sentencing factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable." *Id.* at 460–61. The district court "neither stated which of the § 3553(a) factors were applicable nor added any explanation for its decision in the space provided for 'additional comments.'" *Id.* at 461. Further, the district court did not anchor its decision with reference to the record, nor did it explain what effect, if any, the defendant's conduct had on the outcome. *See id.* With so little to go on, we concluded it was "impossible for us to ensure that the district court did not abuse its discretion because the order shows only that the district court exercised its discretion rather than showing *how* it exercised that discretion." *Id.* at 461 (quoting *United States v. Marion*, 590 F.3d

---

[2] *United States v. Booker*, 543 U.S. 220 (2005).

475, 478 (7th Cir. 2009)) (emphasis in original; brackets removed). We therefore remanded for further explanation. *Id.* at 461–62.

That the adequacy of a district court's explanation is fact- and case-specific is further illustrated by *United States v. Choummanivong*, ___ F. App'x ___, No. 15–2420, 2016 WL 3626824 (6th Cir. July 7, 2016) (per curiam) and *United States v. Brim*, ___ F. App'x ___, No. 15-2582, 2016 WL 5799673 (6th Cir. Oct. 5, 2016). Both cases involve the denial of a § 3582(c)(2) sentence modification request, and both cases involve the same standard form used by the district court in this case. *See* Order Regarding Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2), *United States v. Choummanivong*, No. 1:12-cr-00273-4 (W.D. Mich., Nov. 9, 2015), ECF No. 234, PID 1239; Order Regarding Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2), *United States v. Brim*, No. 1:12-cr-00055-1 (W.D. Mich., Dec. 10, 2015), ECF No. 41, PID 176. In addition to the form language, the district court's order in *Choummanivong* stated only: "The Court chooses to exercise its discretion not to reduce the sentence based on its review of the entire record." In *Brim,* the order added only: "The Court recognizes that Defendant is eligible for [a] reduction, but exercise[s] its discretion to deny [a] reduction on the facts of this record." In *Choummanivong*, we remanded for further explanation, concluding that "[r]eviewing the record in this case . . . we can only speculate as to how the district court reached its decision to deny the motion for a sentence reduction." 2016 WL 3626824 at *1–*2 (emphasis added). On the other hand, in *Brim* we "carefully reviewed the record before us" and found no abuse of discretion. 2016 WL 5799673 at *3–*4. There is no distinction to be found between the orders we reviewed in *Choummanivong* and *Brim*; the

differing outcomes must result, then, from the unique circumstances of each case and the differences in the underlying record.[3]

B.

We therefore consider whether the district court adequately explained its decision in light of the particular circumstances of this case. The district court's order states that it considered Battles's motion, and took into account "the policy statement set forth at USSG § 1B1.10 and the sentencing factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable . . . ." (R. 139, PID 586.) By way of further explanation, the court stated:

> Defendant's actual guideline range both before and after the Amendment 782 is actually 240 months, the statutory mandatory minimum. Defendant's original sentence was below the mandatory minimum because of a 5K motion that released it. Defendant later received the benefit of a Rule 35 reduction as well, reducing his sentence to 144 months. The Court agrees Defendant is eligible for further reduction on these facts, but the Court does not believe a further reduction is warranted based on the entire record, and so the Court exercises its discretion not to award a further reduction.

(*Id.*) This explanation is inadequate for three reasons.

First, the district court did not address the government's support for Battles's request. Based on the unique history of the case, the government asserted that "the most appropriate resolution" of Battles's request was the 116-month sentence recommended by the SMR. (R. 135, PID 580.) Of course, "[s]ection [] 3582 does not create a right to a reduced sentence." *Curry*, 606 F.3d at 330 (citation omitted). And therefore the district court was free to disregard the recommendations of the probation department and the government. The district court, however, did have an obligation to "consider[] the [government's] arguments" and articulate "a

---

[3] In one case cited by Battles, the Second Circuit reached a similar conclusion. *See United States v. Christie*, 736 F.3d 191, 196 (2d Cir. 2013) ("The failure to state reasons will not always require a remand . . . because . . . the reasons for the district court's actions may be obvious from the history of the case.").

reasoned basis" for rejecting them. *Howard*, 644 F.3d at 460 (quotation omitted). That is particularly true here, because Battles relied, in part, on the SMR in making his own arguments. But the district court did not explain why it rejected the government's recommendation. It referenced Battles's substantial assistance reductions and explained only that it would not "award a further reduction" based on "the entire record." (R. 139, PID 586.) In *Curry*, a nonspecific reference to the record was sufficient because "the relevant factors" had been considered "in some depth at the original sentencing and the first resentencing." 606 F.3d at 331. But we find nothing in the record that indicates the district court considered the effect Battles's substantial-assistance reductions would or should have on a § 3582(c)(2) request. The most we can infer is that perhaps the district court felt that Battles's sentence had already been reduced enough. But Battles's prior reductions arose out of the ongoing substantial assistance he provided to law enforcement officials, and the guidelines make clear that defendants who have received substantial assistance reductions remain eligible for § 3582(c)(2) reductions. *See* USSG § 1B1.10(c). It is within a district court's discretion to deny a § 3582(c)(2) reduction on the basis that after two substantial-assistance reductions, a third reduction of any kind would result in an unduly lenient sentence under the particular circumstances. But nothing in the record before us provides a "reasoned basis" for such a decision here, and "it is impossible for us to ensure that the district court did not abuse its discretion." *Howard*, 644 F.3d at 459–60 (citations omitted).

Second, the district court's conclusion that Battles's "actual guideline range both before and after the Amendment 782 is actually 240 months, the statutory mandatory minimum," is incorrect. (R. 139, PID 586.) Sections 1B1.1(a) and 5G1.1(b) of the guidelines operated together to set Battles's original guidelines range at 240 months—the statutory minimum. But because Battles was sentenced "below the statutorily required minimum sentence pursuant to a

government motion to reflect the defendant's substantial assistance to authorities," the guidelines instructed that his "amended guideline range shall be determined *without regard to the operation of § 5G1.1 . . . .*" USSG § 1B1.10(c) (emphasis added). Thus, § 5G1.1(b) plays no role in calculating Battles's amended guidelines range, and his amended range was properly determined by the SMR to be 135-168 months—*not* the 240-month statutory minimum. "A district court necessarily abuses its sentencing discretion if it 'commits a significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range.'" *United States v. Bolds*, 511 F.3d 568, 579 (6th Cir. 2007) (quoting *Gall v. United States*, 552 U.S. 38, 51 (2007)) (brackets removed). It is unclear to what extent, if any, this error affected the district court's decision to deny Battles's motion.

Third, as we recognized above, context matters. Where the record includes the government's or probation department's arguments in favor of denying a § 3582(c)(2) motion or for a lesser reduction than that sought by the defendant, this court is able to consider those arguments in giving meaning to the district court's broad reference to the record. But here, the government and the SMR recommended that the court grant the motion and reduce Battles's sentence to 116 months. Thus, we are left to speculate *why* the district court found that the previous reductions based on substantial assistance rendered any further reduction unwarranted.

**IV.**

For these reasons, we **VACATE** and **REMAND** for further proceedings consistent with this opinion.