**NOT RECOMMENDED FOR PUBLICATION**
File Name: 21a0077n.06

**No. 20-3749**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**UNITED STATES OF AMERICA,**

      **Plaintiff-Appellee,**

**v.**

**GEORGE RAFIDI,**

      **Defendant-Appellant.**

**FILED**
Feb 08, 2021
DEBORAH S. HUNT, Clerk

**ON APPEAL FROM THE UNITED
STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF
OHIO**

---

**BEFORE:**    **SUHRHEINRICH, CLAY, and DONALD, Circuit Judges.**

**CLAY, Circuit Judge.** Defendant George Rafidi appeals the district court's denial of his motion for compassionate release. Because the district court did not abuse its discretion by issuing its denial in a non-document order, we **AFFIRM** the district court's order denying his motion for compassionate release.

**BACKGROUND**

George Rafidi is 66 years old and is currently incarcerated at FCI Elkton. He suffers from hypertension and obesity, and he has a history of congestive heart failure and liver disease. His age and these medical conditions place him at high risk for serious illness from contracting COVID-19. *People with Certain Medical Conditions*, CDC, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last updated Feb. 3, 2021). During his time at FCI Elkton, he has participated in a number of rehabilitative programs, and the Bureau of Prisons ("BOP") has categorized him as being at a minimum level for risk of recidivism.

On April 2, 2015, Rafidi was found guilty by a jury of one count of assault on a federal agent involving the use of a deadly or dangerous weapon, in violation of 18 U.S.C. § 111(a)(1) and (b), and one count of brandishing a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii). At sentencing, the district court determined that Rafidi's offense level was 12 and his criminal history category was I. The district court then sentenced Rafidi to ten months of imprisonment on the count for assaulting a federal officer and 84 months on the count for brandishing a firearm during a crime of violence—which carried a mandatory minimum of seven years—the terms to be served consecutively and followed by three years of supervised release. Rafidi appealed his conviction and sentence, and we affirmed the district court's judgment as to both on July 11, 2016. *United States v. Rafidi*, 829 F.3d 437 (6th Cir. 2016).

In November 2019, after having served about five years of his sentence, Rafidi requested compassionate release from the Warden of FCI Elkton, based on being an elderly individual (65 years of age or older) with medical conditions. The Warden denied his request because none of his conditions were "terminal with a life expectancy of eighteen months or less" or prevented him from "providing self-care." (R. 107-1, Letter from Warden at PageID # 1421.) On May 22, 2020, Rafidi filed another request for compassionate release with the Warden based on his risk of contracting COVID-19 at FCI Elkton, given the minimal protections at the prison as well as his age and underlying medical conditions. This motion was also denied by the Warden, and Rafidi has not received a response on his administrative appeal of the decision.

On July 2, 2020, Rafidi filed a motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), seeking a reduction of his sentence and home confinement. In the motion, Rafidi argued that extraordinary and compelling circumstances based on the COVID-19 pandemic warranted his release because his health conditions and age place him at greater risk of serious

illness if he were to contract COVID-19 and the conditions at FCI Elkton make him particularly vulnerable to contracting COVID-19 due to inadequate social distancing and sanitizing procedures at the facility. Rafidi also argued that the 18 U.S.C. § 3553(a) factors supported his release and that he was not a danger to the community. He noted his minimal criminal history—having only had two prior misdemeanor convictions—as well as his participation in rehabilitative programs and lack of disciplinary infractions while incarcerated, and the BOP having marked him down as a minimum risk of recidivism. Finally, Rafidi included in his motion several letters of support for his release from his family and friends as well as his plan upon release to live with his wife at their home in the Lordstown area.

The government filed an opposition to Rafidi's motion for compassionate release. The government first noted that the motion was properly before the district court because Rafidi had exhausted his administrative remedies, BOP had taken efforts to protect individuals incarcerated from contracting COVID-19, and BOP had been given more authority to designate prisoners for home confinement. The government indicated that the COVID-19 outbreak at FCI Elkton could present an extraordinary and compelling reason for release given Rafidi's age and health conditions, but Rafidi's individual circumstances and the § 3553(a) factors counseled against releasing Rafidi. The government noted the seriousness of the underlying offense of assaulting a federal agent and brandishing a firearm, his lack of acceptance of responsibility, the need for deterrence of violence against law enforcement officers, the fact that compassionate release would result in a below-Guidelines sentence, and his conviction for food stamp fraud.

The district court denied Rafidi's motion for compassionate release in a non-document order on July 10, 2020, for the reasons stated in the government's memorandum in opposition to Rafidi's motion. The court said, "Although the Court acknowledges the defendant's age and

medical issues, it cannot justify release based upon the seriousness of the offense and potential danger to the community, particularly given his lack of remorse and acceptance of responsibility." (July 10, 2020, Non-Document Order.) This timely appeal followed.

## DISCUSSION

### Standard of Review

"We review a district court's denial of compassionate release for abuse of discretion." *United States v. Jones*, 980 F.3d 1098, 1112 (6th Cir. 2020); *United States v. Ruffin*, 978 F.3d 1000, 1005 (6th Cir. 2020). A "district court abuses its discretion when it relies on clearly erroneous findings of fact, uses an erroneous legal standard, or improperly applies the law." *United States v. Flowers*, 963 F.3d 492, 497 (6th Cir. 2020) (quoting *United States v. White*, 492 F.3d 380, 408 (6th Cir. 2007)). In the context of compassionate release motions, "'[a] court might abuse its discretion, for example, if it misreads the meaning of the extraordinary-reason requirement' or 'if it interprets the law to bar it from granting a reduction when, in fact, it has discretion to do so.'" *Jones*, 980 F.3d at 1112 (quoting *United States v. Keefer*, 832 F. App'x 359, 363 (6th Cir. 2020)).

### Analysis

Rafidi argues that the district court abused its discretion in denying his motion for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A)(i) by issuing a non-document order that adopted the government's memorandum in opposition and failed both to consider his arguments in support of release and to provide a reasoned basis for the denial. As amended by the First Step Act in 2018, § 3582(c)(1)(A) allows the district court to modify a sentence, otherwise known as compassionate release:

> after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> (i)     extraordinary and compelling reasons warrant such a reduction; or

> (ii)     the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A). We have previously recognized that § 3582(c)(1)(A)(i) provided for three separate statutory requirements for compassionate release: (1) there must be an extraordinary and compelling reason for a sentence reduction, (2) the reduction must be consistent with the applicable policy statement at U.S.S.G. § 1B1.13, and (3) the applicable factors under § 3553(a), as determined by the district court, must support the reduction. *Jones*, 980 F.3d at 1107–08. The statute does not define what constitutes an extraordinary and compelling reason for release; instead, this definition can be found in Application Note 1 of the Sentencing Commission's policy statement in U.S.S.G. § 1B1.13. *See Ruffin*, 978 F.3d at 1004–05. Additionally, § 1B1.13 includes as a factor for district courts to consider when deciding compassionate release motions whether the defendant poses "a danger to the safety of any other person or to the community." U.S.S.G. § 1B1.13(2). However, we recently held in *Jones* that "the passage of the First Step Act rendered § 1B1.13 'inapplicable' to cases where an imprisoned person files a motion for compassionate release." 980 F.3d at 1109. This holding allows district courts to determine what constitutes an extraordinary and compelling reason for release without considering the policy statement at § 1B1.13 and to skip the second statutory requirement for compassionate release under § 3582(c)(1)(A)(i). *Id.* at 1111; *United States v. Elias*, 984 F.3d 516, 519 (6th Cir. 2021); *United States v. Hampton*, --- F.3d ----, No. 20-3649, 2021 WL 164831, at *2 (6th Cir. Jan. 19, 2021).

In the present case, in adopting the government's memorandum in opposition to Rafidi's motion for compassionate release, the district court assumed that extraordinary and compelling

reasons existed for release based on the COVID-19 pandemic given Rafidi's age and medical conditions and went on to consider "Rafidi's individual circumstances, including whether he is a danger to the community, the 18 U.S.C. § 3553(a) factors, and the quality of his release plan." (R. 109, Mem. in Opposition to Mot. for Compassionate Release at PageID # 1488.) The court, in its non-document order, indicated that it could not "justify release based upon the seriousness of the offense and potential danger to the community, particularly given his lack of remorse and acceptance of responsibility." (July 10, 2020, Non-Document Order.) Given that the district court did not need to consider whether Rafidi posed a danger to the community under § 1B1.13(2), on appeal, we only need to review whether the district court abused its discretion in denying Rafidi's compassionate release motion based on its evaluation of the relevant § 3553(a) factors.[1] *See Ruffin*, 978 F.3d at 1008 (finding that we did not need to address the district court's rationales for denying compassionate release regarding the lack of extraordinary and compelling reasons for release and the defendant posing a danger to the community because we could affirm the denial based on the district court's evaluation of the § 3553(a) factors).

The question of whether the district court properly weighed the § 3553(a) factors implicates "district courts' obligations to explain their factual reasons when issuing compassionate release

---

[1] Had the district court solely denied compassionate release based on Rafidi being a danger to the community under § 1B1.13(2), the proper remedy would be to reverse and remand to the district court. *See United States v. Sherwood*, --- F.3d ----, No. 20-4085, 2021 WL 345405, at *1 (6th Cir. Feb. 2, 2021) ("Because Sherwood was denied relief exclusively due to his failure to satisfy § 1B1.13(2)'s requirement that a defendant not be a danger to the community, we reverse and remand this case to the district court for application of the remaining § 3582(c)(1)(A) factors."). However, in the present case, because the district court also denied compassionate release based on "the seriousness of the offense" and his "lack of remorse and acceptance of responsibility," we can proceed with reviewing the district court's denial of the motion based on the § 3553(a) factors. (July 10, 2020, Non-Document Order.) In any event, whether Rafidi poses a danger to the community is relevant to the § 3553(a) factor of "the need for the sentenced imposed . . . to protect the public from further crimes of the defendant." 18 U.S.C. § 3553(a)(2)(C); *see also Sherwood*, 2021 WL 345405, at *2 (noting that on remand the district court can "consider Sherwood's history and characteristics, including his propensity to be a danger to the community upon release, as well as the nature and circumstances of his offense" when "weighing Sherwood's § 3553(a) factors").

decisions." *Jones*, 980 F.3d at 1111–12. District courts are required to provide the reasons for their decisions and must "set forth enough to satisfy the appellate court that [they] had considered the parties' arguments and had a reasoned basis for exercising [their] own legal decisionmaking authority." *Chavez-Meza v. United States*, 138 S. Ct. 1959, 1966 (2018) (quoting *Rita v. United States*, 551 U.S. 338, 356 (2007)). But "busy district courts do not abuse their discretion in this context merely because they do not issue exhaustive opinions." *Keefer*, 832 F. App'x at 363. A district court need not issue a "full opinion" where the issue is "conceptually simple and the record makes clear that the sentencing judge considered the evidence and arguments." *Jones*, 980 F.3d at 1113 (quoting *Chavez-Meza*, 138 S. Ct. at 1964). And "[w]hen reviewing such a discretionary decision, we consider the entire record, including the court's balancing of the § 3553(a) factors at the original sentencing." *Ruffin*, 978 F.3d at 1008. It is often sufficient for a district court judge who originally sentenced the defendant to indicate that they "relied on the record" to justify their sentence modification decision. *Keefer*, 832 F. App'x at 363.

We recently noted that "[i]n many instances . . . a 'barebones form order' would suffice for purposes of informing our review." *Hampton*, 2021 WL 164831, at *3. For example, in *United States v. Curry*, we affirmed the district court's "succinct order declining to reduce Curry's sentence any further" without conducting a hearing on the motion or "expressly consider[ing] all the § 3553 factors that might have been relevant." 606 F.3d 323, 326, 330 (6th Cir. 2010). We determined that while the district court's order was "cursory at best," the district court "had already considered the relevant factors in some depth at the original sentencing and the first resentencing." *Id.* at 330. Additionally, the district court indicated that it "had reviewed the entire record, including the parties' recommendations, and had considered all the relevant § 3553(a) factors and the Sentencing Guidelines in making [its] decision." *Id.* Similarly, in *United States v. Holland*, we

affirmed the district court's order denying a motion for a reduced sentence under § 3582(c)(2) that "incorporate[ed] the government's brief by reference" instead of "explicitly analyzing each of the § 3553(a) factors on the record." 391 F. App'x 468, 470 (6th Cir. 2010). We noted that by incorporating the government's brief by reference it considered "Holland's criminal history," "his dangerousness to the public," and "the seriousness of his offense, which were relevant factors under § 3553(a), and "[t]he record d[id] not suggest that any other 'applicable' § 3553(a) factors weighed in Holland's favor." *Id.*

In contrast, we have found a district court's explanation in a sentence reduction decision to be inadequate in situations in which the district court did not provide any explanation for its decision or the record was otherwise insufficient to support the decision. For example, in *United States v. Howard*, we "order[ed] a limited remand to the district court with instructions to provide a statement of reasons . . . for its decision to reduce Howard's sentence" after having only provided a form order granting the motion. 644 F.3d 455, 460–62 (6th Cir. 2011). We indicated that the district court's explanation was inadequate because it "neither stated which of the § 3553(a) factors were applicable nor added any explanation for its decision in the space provided for 'additional comments,'" preventing us from determining how the district court used its discretion. *Id.* at 461. In *United States v. Battles*, we found that the district court abused its discretion by denying a motion for a sentence reduction on the ground that it was not "warranted, based on the entire record." 664 F. App'x 491, 495 (6th Cir. 2016) (citation omitted). We determined that the district court's explanation was inadequate in part because it "did not address the government's support" for the reduction— which was based on the probation department's Sentence Modification Report recommending a reduction—and it was not clear from the record why the district court was

denying the reduction or whether the district court considered "the effect Battles's substantial-assistance reductions would or should have on a § 3582(c)(2) request." *Id.*

In this case, the district court did not abuse its discretion in issuing a non-document order denying Rafidi's motion for compassionate release because it was sufficient to indicate that the district court considered the parties' arguments and had a reasoned basis for its decision based on the relevant § 3553(a) factors. *See Chavez-Meza*, 138 S. Ct. at 1966. The district court's non-document order acknowledged Rafidi's age and medical issues, and, unlike the district court in *Howard*, it cited to the relevant § 3553(a) factors that provided the basis for its decision, namely "the seriousness of the offense" and "the potential danger to the community." *See* 644 F.3d at 461; *see also* 18 U.S.C. § 3553(a) (noting as relevant considerations for fashioning a sentence "the need for the sentence imposed--to reflect the seriousness of the offense . . . to protect the public from further crimes of the defendant"). The court also incorporated the government's memorandum in opposition by reference, which specifically discussed the following § 3553(a) factors: the seriousness of assaulting a federal agent and brandishing a firearm, the need to promote respect for the law, and the need to deter violence against law enforcement. And the district court issued the original sentence for Rafidi, during which time it also considered the relevant § 3553(a) factors and found that the sentence imposed was warranted based on the seriousness of the offense at issue. (*See* R. 61, Sentencing Hr'g Tr. at PageID # 983 (noting that Rafidi "took a gun to the door" and "pointed it in the direction of the agents," which the district court found "to be extraordinarily serious conduct" while also recognizing Rafidi's "mental health issues," "serious medical issues," and "age").)

Rafidi argues that the district court abused its discretion by not specifically considering the following five arguments in support of compassionate release: (1) Rafidi's limited criminal history,

(2) his rehabilitative efforts, (3) BOP documentation indicating his minimal risk of recidivism, (4) his release plan, and (5) his letters of support.[2] However, many of these arguments were addressed by the government in its memorandum in opposition, in particular the need for the district court to review the quality of Rafidi's release plan; Rafidi's rehabilitative efforts, which could not on their own justify release; and Rafidi's minimal criminal history along with his additional sentence for food stamp fraud. Additionally, the district court does not abuse its discretion simply by failing to explicitly address each individual argument put forward by the defendant in support of a sentence reduction. *See Chavez-Meza*, 138 S. Ct. at 1967 (affirming the district court's sentence modification to 114 months in which the district court did not specifically address Chavez-Meza's argument "to reduce his sentence to 108 months" emphasizing "various educational courses he had taken in prison"). Ultimately, the district court did not err by issuing the non-document order—the order was sufficient to ensure the district court had a reasoned basis for the decision and had considered the parties' arguments in coming to that decision.

## CONCLUSION

For the reasons stated above, the district court's denial of Rafidi's motion for compassionate release is **AFFIRMED**.

---

[2] Rafidi also argues in his opening brief that the district court abused its discretion in finding that he posed a danger to the community based on "his lack of remorse and acceptance of responsibility." (July 10, 2020, Non-Document Order; Appellant Br. at 17.) However, we have previously found that a district court can consider a defendant's "continued efforts to deny his involvement" in an offense following a jury determination to the contrary as "demonstrat[ing] a failure to take responsibility for his crime and a lack of remorse for the harm he had caused" when evaluating the § 3553(a) factors at sentencing. *United States v. Mitchell*, 681 F.3d 867, 884 (6th Cir. 2012). Accordingly, in deciding whether to grant compassionate release, the district court was allowed to consider Rafidi's lack of remorse and failure to accept responsibility for the underlying offense based on the contention in his 28 U.S.C. § 2255 motions that he did not assault a federal agent or cause the agent injury.