RECOMMENDED FOR PUBLICATION
Pursuant to Sixth Circuit I.O.P. 32.1(b)
File Name: 25a0003p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

───────────────

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

No. 24-3442

SHEFIU ANIMASHAUN HANSON,

*Defendant-Appellant.*

Appeal from the United States District Court for the Northern District of Ohio at Toledo.
No. 3:22-cr-00076-1—Jack Zouhary, District Judge.

Decided and Filed: January 3, 2025

Before: CLAY, GIBBONS, and STRANCH, Circuit Judges.

───────────────

**COUNSEL**

**ON BRIEF:** Krysten E. Beech, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Toledo, Ohio, for Appellant. Matthew B. Kall, UNITED STATES ATTORNEY'S OFFICE, Cleveland, Ohio, for Appellee.

───────────────

**OPINION**

───────────────

JULIA SMITH GIBBONS, Circuit Judge. Defendant Shefiu A. Hanson, who is currently serving a 46-month sentence for wire fraud, appeals the district court's denial of his motion to reduce his sentence under 18 U.S.C. § 3582(c)(2). Hanson moved under the newly created U.S.S.G. § 4C1.1 of the United States Sentencing Guidelines, which retroactively applies to defendants sentenced before the Amendment went into effect on November 1, 2023. U.S.S.G § 1B1.10(d). On appeal, Hanson argues that the district court erred in concluding that Hanson

had caused his victims substantial financial hardship and, therefore, was ineligible for a sentence reduction. We affirm the district court's order.

I.

In December 2022, Hanson pled guilty to wire fraud and conspiracy in connection with his fraudulent scheme to induce victim businesses to wire money to accounts that he controlled. Hanson created at least ten bank accounts and ten e-mail accounts using fraudulent names and false identifying information to convince his victims that he and his co-conspirators were legitimate business partners. The co-conspirators created false invoices and payment requests and sent them to victim businesses. Once his victims transferred funds to his fraudulent accounts, Hanson transferred the funds to his personal accounts and made cash withdrawals. The total loss to the 30 victims of his fraudulent scheme amounted to $1,122,805.74.

Because Hanson had no prior convictions, his criminal history score was zero, resulting in a Criminal History Category of I. His total Offense Level at sentencing was 22, resulting in a Guidelines Range of 41 to 51 months. In May 2023, the district court sentenced Defendant to 46 months of imprisonment. Ten months after his initial sentencing Hanson moved for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2), which permits a court to reduce a defendant's sentence based on a retroactive change to the sentencing guidelines after considering the sentencing factors set forth in 18 U.S.C. § 3553(a). Hanson relied on Amendment 821 to the Guidelines Manual which created U.S.S.G. § 4C1.1 and applies retroactively. *See* U.S.S.G. § 1B1.10. The government opposed the reduction, arguing that Hanson was ineligible because he personally caused "substantial financial hardship" to at least one of his victims.

The district court agreed with the government. The district court concluded that Hanson had caused substantial financial harm to multiple victims, making Hanson ineligible under U.S.S.G. §4C1.1(a)(6). Further, addressing the factors under 18 U.S.C. § 3553(a), the court concluded that a sentence reduction would render his sentence inadequate to "reflect the seriousness of the offense, . . . provide just punishment for this offense, . . . afford adequate deterrence to criminal conduct, . . . [and] protect the public from further crimes of the

defendant." No. 3:22-CR-76-JZR, DE 34, Order Denying Mot. to Reduce Sentence, Page ID 293 (alterations in original).

Hanson now appeals the district court's denial of his motion to reduce his sentence.

## II.

A § 3582(c)(2) proceeding involves a two-step process for determining whether to reduce a defendant's sentence based on a retroactive guidelines amendment. *United States v. Jones*, 980 F.3d 1098, 1107 (6th Cir. 2020) (citing *Dillon v. United States*, 560 U.S. 817, 826–27 (2010)). First, the district court must determine whether a defendant is eligible for a sentence modification under U.S.S.G. § 1B1.10. *Id.* Second, if the defendant is eligible, the court may then consider whether a reduction is warranted based on the sentencing factors listed in 18 U.S.C. § 3553(a). *United States v. Thompson*, 714 F.3d 946, 949 (6th Cir. 2013).

Where, as here, the district court determines that a defendant is ineligible for a sentence reduction at the first stage of the above-described inquiry, we review that legal determination *de novo*. *United States v. Curry*, 606 F.3d 323, 327 (6th Cir. 2010). We review the district court's underlying factual findings for clear error. *United States v. May*, 568 F.3d 597, 604 (6th Cir. 2009); *United States v. Johnson*, 830 F. App'x 153, 161 (6th Cir. 2020). A factual finding is clearly erroneous when, on the entire evidence, we are "left with the definite and firm conviction that a mistake has been committed." *Anderson v. City of Bessemer City*, 470 U.S. 564, 573 (1985) (internal quotation marks and citation omitted). We review the district court's ultimate decision to deny resentencing after consideration of the § 3553 factors for abuse of discretion. *Curry*, 606 F.3d at 327.

## III.

The sole issue on appeal is whether Hanson is eligible for a sentence modification under U.S.S.G. § 1B1.10. Section 1B1.10 lists the amendments that the Sentencing Commission made retroactive such that they can serve as a basis for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2). Among the listed amendments is Amendment 821 which created U.S.S.G. § 4C1.1. Section 4C1.1(a) establishes a set of ten criteria that a defendant without a criminal

history must meet to be eligible for the two-level reduction. Hanson alleges that he is eligible for that two-level reduction and that his sentence should be reduced accordingly.

One of the criteria under § 4C1.1 requires that "the defendant did not personally cause substantial financial hardship." *Id.* § 4C1.1(a)(6). To determine "whether [a] defendant's acts or omissions resulted in 'substantial financial hardship,'" a court "shall consider, among other things, the *non-exhaustive* list of factors provided in Application Note 4(F) of the Commentary to § 2B1.1." *Id.* § 4C1.1(b)(3) (emphasis added). These factors include whether the offense resulted in the victim:

i. becoming insolvent;

ii. filing for bankruptcy under the Bankruptcy Code (title 11, United States Code);

iii. suffering substantial loss of a retirement, education, or other savings or investment fund;

iv. making substantial changes to his or her employment, such as postponing his or her retirement plans;

v. making substantial changes to his or her living arrangements, such as relocating to a less expensive home; and

vi. suffering substantial harm to his or her ability to obtain credit.

U.S.S.G § 2B1.1 n.4F.

On appeal, Hanson only disputes the district court's finding that he personally caused "substantial financial hardship." Hanson makes two main arguments. First, Hanson argues the hardship financial harm to victims that the district court relied on fails to rise to the level of substantial hardship, as contemplated by the Sentencing Commission. In his view, the examples of financial hardship to which the district court cited did not fit within any of the factors under § 2B1.1 n.4F of the Sentencing Guidelines. Second, Hanson argues that the district court failed to make specific individualized determinations regarding financial hardship with respect to each victim and, instead, relied on only "generalized comments" about financial hardship. Both arguments are without merit.

*First*, as a matter of law, courts are not strictly limited to considering the enumerated factors under U.S.S.G § 2B1.1 n.4(F) when determining whether a defendant caused substantial

financial hardship.  As the black letter text of U.S.S.G. § 4C1.1(b)(3) states, Application Note 4(F) of the Commentary to § 2B1.1 merely provides a "*non-exhaustive* list of factors."  U.S.S.G. § 4C1.1(b)(3) (emphasis added).  The financial hardship that Hanson caused to his victims "need not fall perfectly" within the factors in the application note to be considered substantial.  *Cf. United States v. Histed*, 93 F.4th 948, 961 (6th Cir.), *cert. denied*, 144 S. Ct. 2618 (2024) (rejecting a similar argument regarding another non-exhaustive list in the application notes).  In *Histed*, a criminal defendant argued, as Hanson does, that the district court erred in failing to precisely follow the Sentencing Guidelines' application note to guideline § 3C1.1 which triggers a two-level obstruction enhancement.  *Id.*  The application notes to the guideline provided a non-exhaustive list of examples of conduct to which the enhancement might apply and included "threatening, intimidating, or otherwise unlawfully influencing a co-defendant, witness, or juror." U.S.S.G. § 3C1.1 n.4(A)).  The defendant argued that his instructions to his mother and daughter to lie to investigators was not sufficient to trigger the enhancement because he had not engaged in threats or intimidation.  93 F.4th at 961.  We were unconvinced by this argument and emphasized in response the "*nonexhaustive* and *non-binding*" nature of the list in the application notes.  *Id.* (emphasis added).  The same concept applies here.

Application Note 4(F) does not describe every type of substantial financial hardship. It merely provides a list of exemplars from which we may extrapolate analogous conduct.  *Id.* For instance, courts in other circuits have found substantial financial hardship in a range of cases where the number of victims or the amount stolen was high.  *See, e.g.*, *United States v. Ortiz*, No. 19-CR-161, 2023 WL 1929690, at *5-6 (E.D.N.Y. Feb. 10, 2023) (holding that defendant caused significant financial hardship by fraudulently misappropriating and losing $530,000 from the victim's savings and retirement accounts); *United States v. Pagartanis*, No. 18-CR-00374, 2024 WL 2111544, at *2 (E.D.N.Y. May 10, 2024) (holding that defendant caused significant financial hardship by stealing $13 million from "more than a dozen victims"); *United States v. Smith*, 680 F. Supp. 3d 1046, 1049 (N.D. Ind. 2023) (holding that substantial hardship may also exist where the defendant's crime significantly affects the victim's ability to pay off their existing debt).  Substantial financial hardship that does not squarely fall into one of the listed examples in Application Note 4(F), if sufficiently analogous, may still render a defendant ineligible for a sentencing reduction under U.S.S.G. § 4C1.1.  The district court did not err in

holding that Hanson was ineligible for a sentencing reduction under § 4C1.1 based on factors outside of the non-exhaustive list in Application Note 4(F) of § 2B1.1.

*Second*, the district court did not err—much less clearly err—in its factual determination that Hanson's victims suffered substantial financial hardship under § 4C1.1(a)(6). Hanson defrauded at least thirty different victims. According to the presentence investigation report, which the district court fully adopted, "[f]rom February 2020 through December 2021, there were 73 deposits into Hanson's fraudulent accounts for amounts totaling $1,652,464.10; however, $529,658.36 in deposits were reversed or did not clear based upon insufficient funds." No. 3:22-CR-76-JZR, DE 19, Presentence Report, Page ID 193. "Therefore, the total loss to the victims in this case was $1,122,805.74." *Id.* Given the number of victims and amount defrauded, the district court reasonably concluded that the financial hardship was substantial.

Moreover, the record evidence makes clear that Hanson's conduct caused several of his victims to individually suffer substantial financial hardship. *See United States v. Minhas*, 850 F.3d 873, 877 (7th Cir. 2017) (holding that financial hardship is to "be gauged relative to each victim"); *United States v. Aderinoye*, 33 F.4th 751, 757 (5th Cir. 2022) (stating that a non-trivial financial loss "is significant for any business, particularly a small one"). According to one victim, "[t]he loss of revenue for our small company was crippling." No. 3:22-CR-76-JZR, DE 19, Presentence Report, Page ID 195. According to another victim, the transfer to Hanson was made during a time when capital was in "short supply" and "made it difficult for the company to pay invoices." *Id.* Another victim wrote that, due to Hanson's fraudulent conduct, many of his bank accounts were "abruptly closed," with the bank taking legitimate funds in the process. No. 3:22-CR-76-JZR, DE 31, Victim's Statement, Page ID 282. The victim stated, "It was a tough process for a small business like mine to climb back from the wake of [Hanson's] actions and deception." *Id.* The district court reasonably determined that the financial hardship to at least one victim was substantial.

Hanson argues that, even if all of the above is true, the district court failed to make sufficient specific individualized determinations regarding financial hardship. But Hanson overlooks the fact that the district court's final order cited and quoted relevant portions of the government's opposition brief that discussed individual examples of how specific victims had

suffered substantial financial hardship and the extent of their individual hardships.  *Cf. United States v. Holland*, 391 F. App'x 468, 470 (6th Cir. 2010) (affirming denial of sentence reduction under § 3582(c) where the district court issued a final order that incorporated by reference "the reasons stated in the government's brief").  Therefore, incorporating the specific factual conclusions with respect to individual victims contained in the government's opposition brief by reference, the district court made sufficiently specific findings of substantial financial harm.  The district court's finding that at least one of Hanon's victims suffered a substantial financial hardship was not clearly erroneous.[1]

IV.

The district court did not err in determining that Hanson was ineligible for a sentence reduction under U.S.S.G. § 4C1.1.  Accordingly, we affirm the district court's order denying Hanson's motion for a sentence reduction.

---

[1]Because we affirm the district court's order denying Hanson's motion for a sentence reduction based on eligibility, we need not reach the government's argument, in the alternative, that the district court reasonably denied a sentencing reduction because the Section 3553(a) factors weighed against it.  *See Dillon*, 560 U.S. at 826–27.