NOT RECOMMENDED FOR PUBLICATION
File Name: 25a0452n.06

No. 25-3042

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**
Oct 06, 2025
KELLY L. STEPHENS, Clerk

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff-Appellee, | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| v. | ) | COURT FOR THE NORTHERN |
| | ) | DISTRICT OF OHIO |
| DENNIS J. LUSTER, | ) | |
| Defendant-Appellant. | ) | OPINION |
| | ) | |
| | ) | |

Before: MOORE, CLAY, and WHITE, Circuit Judges.

**KAREN NELSON MOORE, Circuit Judge.** Dennis Luster appeals the district court's

denial of his motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2). In 2022, the district

court sentenced Luster to a total of 125 months of imprisonment after Luster pleaded guilty to

bank robbery, Hobbs Act robbery, and conspiracy to commit those offenses. After his sentencing,

Part A of Amendment 821 to the Sentencing Guidelines retroactively reduced Luster's criminal

history category from V to IV and reduced his Guidelines range from 100 to 125 months of

imprisonment[1] to 84 to 105 months of imprisonment. Luster asked the district court to reduce his

sentence to the top of his amended range, which would be 105 months. The district court denied

Luster's motion based on the sentencing factors, focusing on his criminal history and the

underlying conduct of the present offenses.

---

[1]*See infra*, n.2, noting the district court's apparent error in calculating Luster's original sentencing range.

For the reasons that follow, we **AFFIRM** the judgment of the district court. Although the district court may have devoted considerable attention to Luster's prior offenses and underlying conduct, the district court did not abuse its discretion in doing so.

## I. BACKGROUND

On February 12, 2020, Luster and four others were named in a fourteen-count indictment. R. 100 (Pre-Plea Sentence Report (PSR) ¶ 1) (Page ID #458). Between June and September 2018, Luster and his co-conspirators committed a series of robberies targeting banks and other businesses while brandishing weapons. *Id.* ¶¶ 2–6, 14, 16 (Page ID #458–61). On June 30, 2020, Luster pleaded guilty to the five counts he was named in, including conspiracy to commit bank robbery, in violation of 18 U.S.C. § 371; bank robbery, in violation of 18 U.S.C. § 2113(a); bank robbery, in violation of 18 U.S.C. § 2113(a) and (d); conspiracy to commit Hobbs Act robbery, in violation of 18 U.S.C. §§ 371, 1951(a); and Hobbs Act robbery, in violation of 18 U.S.C. § 1951(a). *Id.* ¶ 1 (Page ID #458).

In advance of sentencing, Luster and the Government stipulated to a total combined offense level of 27 with a three-level reduction for acceptance of responsibility, for a final offense level of 24. R. 143 (Plea Agreement at 6) (Page ID #880). At sentencing, the district court rejected the parties' stipulation, and calculated Luster's offense level at 25 with criminal history category V. R. 252 (Sentencing Tr. at 5) (Page ID #1377). With this final calculation, the district court determined Luster's guidelines range to be 120 to 125 months of imprisonment.[2]  R. 181

---

[2]The district court apparently miscalculated the Sentencing Guidelines range. R. 252 (Sentencing Tr. at 6) (Page ID #1378). Based on the 2021 Guidelines Manual, which was effective as of the date of Luster's sentencing, his Guidelines range was properly calculated as 100–125 months. U.S.S.G., Ch. 5, Part A (2021). Neither party objected to the district court's calculation. R. 252 (Sentencing Tr. at 6) (Page ID #1378).

(Statement of Reasons at 1) (Page ID #991). The district court sentenced Luster to a total term of 125 months of imprisonment—60 months each on two of the counts and 125 months on each of the other three counts, all to run concurrently. R. 252 (Sentencing Tr. at 19) (Page ID #1391). This sentence was to run consecutive to a two-year prison term imposed by a state court, a sentence that Luster served while in pretrial federal custody. *Id.* at 7, 19 (Page ID #1379, 1391). The district court did not want to "reward" Luster by giving him credit for time spent in Federal Bureau of Prisons (BOP) custody when the state court already had credited Luster for the sentence on the state conviction. *Id.* at 13 (Page ID #1385).

In sentencing Luster to 125 months of imprisonment, the top end of the guidelines range, the district court highlighted the underlying conduct associated with the present offenses and Luster's criminal history. As for the offense conduct, the district court noted that the underlying offenses inflicted "extraordinary harm" and "terrorize[d] the victims." *Id.* at 15 (Page ID #1387). The district court did not want "to understate the severity of these crimes and why it is that a long term of imprisonment is necessary here." *Id.* at 16 (Page ID #1388). The district court also noted Luster's twenty-one adult convictions and history of violence reflected in those convictions. *Id.* Although the district court recognized Luster's mitigation evidence, such as his education and work history, the district court more heavily weighed the violent nature of the offense conduct and the fact that previous terms of incarceration and non-custodial sentences had failed to deter him. *Id.* at 16–18 (Page ID #1388–90). For those reasons, the court believed a lengthy prison term was appropriate. *Id.* at 18 (Page ID #1390).

On March 20, 2024, Luster filed a pro se motion asking the court to reduce his sentence and appoint him counsel. R. 215 (Pro Se Mot. to Reduce Sentence at 1–2) (Page ID #1224–25).

3

With the support of counsel, Luster filed a renewed request to reduce his sentence on October 25, 2024. R. 226 (Mot. to Reduce Sentence at 1) (Page ID #1251). Luster's basis for the requested reduction was Amendment 821 to the Sentencing Guidelines. *Id.* Part A of Amendment 821 to the Sentencing Guidelines altered the "status points" provision governing a defendant's criminal history calculation. Before the amendment, two points were added "if the defendant committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status." *United States v. DeJournett*, 817 F.3d 479, 482 (6th Cir. 2016) (quoting U.S.S.G. § 4A1.1(d) (2015) (U.S. Sent'g Comm'n amended 2023). After the amendment, which became effective on November 1, 2023, only one point is added. U.S.S.G. § 4A1.1(e). The Sentencing Commission made this amendment retroactive. U.S.S.G. §§ 1B1.10(a), (d). The retroactive amendment lowered Luster's criminal history from Category V to Category IV. R. 226 (Mot. to Reduce Sentence at 2) (Page ID #1252). The resulting guidelines range was 84 to 105 months of imprisonment, and Luster requested that the district court impose a 105-month prison sentence. *Id.*

Although the district court found that Luster was eligible for a sentence reduction pursuant to Amendment 821, it nevertheless denied his motion based on the applicable 18 U.S.C. § 3553(a) factors. R. 238 (12/16/24 Order at 4) (Page ID #1319). The district court highlighted Luster's criminal history and the violent nature of the underlying conduct, finding that an above-Guidelines sentence was sufficient but not greater than necessary and that the district court would have imposed the same sentence today even without the additional criminal history point. *Id.* at 4–5 (Page ID #1319–20).

## II.  STANDARD OF REVIEW

We review the denial of a motion for a sentence reduction for abuse of discretion.  *United States v. Hanson*, 124 F.4th 1013, 1016 (6th Cir. 2025); *United States v. Flowers*, 963 F.3d 492, 497 (6th Cir. 2020).  "A district court abuses its discretion when it applies the incorrect legal standard, misapplies the correct legal standard, or relies upon clearly erroneous findings of fact."  *United States v. Moore*, 582 F.3d 641, 644 (6th Cir. 2009) (quoting *United States v. Pugh*, 405 F.3d 390, 397 (6th Cir. 2005)).

## III.  ANALYSIS

Both parties agree that the district court correctly concluded that Luster is eligible for a sentence reduction pursuant to Amendment 821.  Thus, we turn to the district court's decision based on the § 3553(a) factors to deny Luster's motion.  Luster challenges the district court's sentencing decision for failing to adequately explain its reasons for imposing an above-Guidelines sentence.  Luster Br. at 10.  We agree with the Government, however, that the district court adequately explained its reasons for denying Luster's motion.  It is permissible for a district court to conclude that a defendant's criminal conduct is not adequately reflected in his or her criminal history category, and so impose an above-Guidelines sentence.  The district court did that here and provided sufficient explanation justifying its decision.

When the district court denied Luster's motion, it effectively sentenced him to an above-guidelines sentence.  "[A] sentence above the guidelines range 'requires the district court to consider the extent of the deviation to ensure that the justification is *sufficiently compelling* to support the *degree* of variance.'"  *United States v. Johnson*, 26 F.4th 726, 736 (6th Cir. 2022) (quoting *United States v. Perez-Rodriguez*, 960 F.3d 748, 754 (6th Cir. 2020)).  "In doing so, the

district court must explain 'how the present case is different from the typical or mine-run case' within the 'heartland to which the Commission intends individual Guidelines to apply.'" *Id.* (quoting *Perez-Rodriguez*, 960 F.3d at 754). "Relevant here, '[t]he greater the variance, the more compelling the justification must be.'" *Id.* (alteration in original) (quoting *Perez-Rodriguez*, 960 F.3d at 754). "And when a sentence 'departs from the advisory range in a mine-run case,' variance justifications warrant closer review by this Court." *Id.* (quoting *Perez-Rodriguez*, 960 F.3d at 754).

Luster's argument on appeal is that the district court did not adequately explain why an above-Guidelines sentence was justified, where it primarily relied on his criminal history and underlying conduct. Luster Br. at 10–13. Here, however, the district court adequately explained why an above-Guidelines sentence was justified under the sentencing factors. The district court noted that Luster's original "sentence fell within the applicable [S]entencing [G]uidelines range at the time" and that the district court had "determined that a 125-month sentence promoted respect for the law, afforded adequate deterrence, and protected the public." R. 238 (12/16/24 Order at 4–5) (Page ID #1319–20) (citing 18 U.S.C. § 3553(a)(2)). Despite the reduction in Luster's Guidelines range resulting from Amendment 821, the district court found that a 125-month sentence was "sufficient but not greater than necessary" and would have imposed the same sentence today. *Id.* at 5 (Page ID #1320).

Based on the record established below, we conclude that the district court adequately explained why an above-Guidelines sentence was sufficient but not greater than necessary. The district court did not abuse its discretion when it imposed the sentence based on Luster's background, his characteristics, the need to deter him, and the need to protect the public. A district court does not abuse its discretion when it determines "that a defendant's past criminal conduct is

extensive and egregious [and] is *sufficient* to warrant an upward departure." *United States v. Herrera-Zuniga*, 571 F.3d 568, 589 (6th Cir. 2009) (quoting *United States v. Smith*, 474 F.3d 888, 892-3 (6th Cir. 2007), *abrogated on other grounds by Gall v. United States*, 552 U.S. 38, 51 (2007)). Although Luster's sentence is a significant upward variance after Amendment 821 took effect, the district court did not abuse its discretion when it denied Luster's motion for a sentence reduction.

## IV. CONCLUSION

For these reasons, we **AFFIRM** the sentence and judgment of the district court.